**SYSCO CORPORATION and
Sysco Pittsburgh, LLC**

v.

**FW CHOCOLATIER, LLC t/d/b/a Fudgie Wudgie, L.P., FW Chocolatier, Inc. and Christine M. Falvo**

v.

**Three Rivers Confections, LLC**

v.

**Trust for Family of Christopher M. Warman and Christopher M. Warman, Individually**

v.

**Timothy Grzegorczyk, Richard Condie, and Phin Stubbs.**

**Appeal of Three Rivers Confections, LLC.**

Superior Court of Pennsylvania.

Argued Jan. 8, 2014.

Filed Jan. 17, 2014.

Reargument Denied March 20, 2014.

---

John H. Williams, Jr., Pittsburgh, for appellant.

Christopher J. Davis, Pittsburgh, for Sysco, appellee.

BEFORE: BENDER, P.J.E., LAZARUS, J., and MUNDY, J.

OPINION BY MUNDY, J.:

Appellant, Three Rivers Confections, LLC, (Three Rivers) appeals from the April 10, 2013 order granting Appellee, Sysco Corporation and Sysco Pittsburgh, LLC, (Sysco)'s motion to release $276,000.00 held pursuant to a sheriff's sale. After careful review, we reverse and remand for proceedings consistent with this opinion.

The trial court has summarized the relevant facts and procedural history as follows.

In 2009, Citizens Bank of Pennsylvania (hereinafter "Citizens") extended a Line of Credit (June 5, 2009), and two Equipment Loans (July 27, 2009 and September 15, 2009) to Fudgie Wudgie, L.P. These loans were secured by collateral in the form of all personal property assets of Fudgie Wudgie, L.P. UCC Financing Statements evidence the secured interest.[1] On July 11, 2011, Citizens confessed judgment against Fudgie Wudgie, L.P. at GD–11–012491. On March 9, 2012, the judgment lien was assigned to Three Rivers, in the amount of $560,619.49.[2] On May 26, 2012, by virtue of an Agreement for Acceptance of Collateral in Partial Satisfaction of

Debt, Three Rivers accepted all of the personal property of Fudgie Wudgie, L.P. in full satisfaction of the debt that was assigned to Three Rivers by Citizens.

[1] UCC Financing Statement 200909302298 was filed on 9/3/2009. UCC Financing Statement 2009102100675 was filed on 10/20/2009. UCC Financing Statement 200911120368 was filed on 11/12/2009.

[2] Three Rivers is also the assignee on debt owed by Fudgie Wudgie, L.P. in the amounts of $341,762.08 and $1,322,500.00.

In November of 2011, Sysco obtained default judgments against Defendants, Fudgie Wudgie, L.P., F.W. Chocolatier, LLC, F.W. Chocolatier, Inc., and Fudgie Wudgie (the trade name for these entities) (hereinafter collectively "Fudgie Wudgie"), as well as Christine Falvo (a principal of Fudgie Wudgie) in the amount of $274,138.71, plus attorneys' fees and costs. After attempts to negotiate a Standstill Agreement failed, Sysco sought to execute on its judgment by way of a sheriff's sale. A sheriff's sale was scheduled for August 29, 2012 and notice was posted at the Fudgie Wudgie business site, which was now being operated by Three Rivers.

On July 26, 2012, after receiving notice of the sheriff's sale, Three Rivers filed a goods claim in which it contended that the property set for sale at the sheriff's sale belonged to Three Rivers and not Fudgie Wudgie. On July 26, 2012, the Sheriff denied Three Rivers' goods claim. On August 6, 2012, Three Rivers [initiated an interpleader action and] filed an Objection to Sheriff's Determination. Three Rivers, however, did not post bond. The sheriff's sale went forward on August 29, 2012. The only parties present at the sheriff's sale were Sysco and Three Rivers. Three

Rivers outbid Sysco and purchased all of the property for $276,000. The Sheriff held the proceeds of the sheriff's sale pending a determination by [the trial court] of the rightful owner of the proceeds.

On March 27, 2013, [the trial court] entertained oral arguments on Sysco's Motion for the Release of Funds Held Pursuant to Sheriff's Sale and Three Rivers' Motion for Judgment on the Pleading and Motion for Fees and Costs.... [O]n April 10, 2013 [the trial court] granted Sysco's Motion and denied both Motions filed by Three Rivers.

Trial Court Opinion, 6/28/13, at 3–4.

On April 12, 2013, Three Rivers filed an emergency motion to stay distribution. On May 7, 2013 trial court issued an order granting Three Rivers' request for a stay. Thereafter, on May 9, 2013, Three Rivers posted a bond and filed a timely notice of appeal.[1]

On appeal, Three Rivers raises the following issue for our review.

A. Whether a claimant is required by the sheriff's interpleader procedures to post a bond to maintain a claim for the proceeds of a sheriff's sale where the claimant repurchases its own property at the sale[?]

Three Rivers' Brief at 1.

■ In the instant matter, Three Rivers argues that Sysco improperly sought to execute judgment against Fudgie Wudgie by way of a sheriff's sale of a property rightfully owned by Three Rivers, and not Fudgie Wudgie. *Id.* at 2. Three Rivers claimed ownership of the property levied by the Sheriff, which was subsequently denied. Accordingly, Pennsylvania Rule of Civil Procedure 3207 governs the procedure by which the claimant, in this matter Three Rivers, should file an objection. As

1. Three Rivers and the trial court have complied with Pa.R.A.P. 1925.

Three Rivers argues, Rule 3207(e) provides that it was not required to post a bond when it initiated an interpleader action by filing an objection to the sheriff's sale. In pertinent part, Rule 3207 states as follows.

**Rule 3207. Sheriff's Determination Against Claimant. Objection. Amount of Bond. Delivery of Property. Interpleader**

(a) If the sheriff determines that the claimant is prima facie not the owner of the property in whole or

in part, the sheriff shall file in the prothonotary's office the claim, the determination of ownership including the valuation of the property, and shall send by ordinary mail copies of the determination and valuation to the claimant, the plaintiff, the defendant, and all other execution creditors and claimants of the property.

(b) The claimant may, within ten days after the date of the mailing of the copy of the determination and valuation, file with the prothonotary and with the sheriff an objection to the determination substantially in the form provided by Rule 3206, **with or without bond.** The sheriff shall send by ordinary mail a copy of the objection to all other parties. **Upon the filing of the objection an interpleader shall be at issue in which the claimant shall be the plaintiff and all other parties in interest shall be defendants. The only pleading shall be the claim, all averments of which shall be deemed to be denied.**

. . .

(d) If the claimant files an objection with bond in a sum double the valuation of the property as determined by the sheriff or double the amount due under all writs of execution against the defendant on which the sheriff has levied, whichever is smaller, the sheriff unless

otherwise ordered by the court shall withdraw all levies on the claimed property. Upon payment by the claimant of the sheriff's costs, if any, for keeping and transporting the property, the sheriff shall deliver it to the person from whom it was taken, provided that, if the property was taken from a person other than the claimant and the claimant desires possession thereof, the sheriff shall deliver it to the claimant if the claimant elects to file a bond in double the valuation of the property.

*Note:* As to possession in the case of two or more claimants, see Rule 3210.

(e) **If the claimant files an objection without bond the property shall remain subject to the levy and shall be sold in execution, unless otherwise ordered by the court. The proceeds shall be retained by the sheriff or paid into court until the determination of the interpleader.**

Pa.R.C.P. 3207 (emphasis added).

Three Rivers asserts that the trial court erred in not allowing it to present evidence to pursue a claim for the proceeds of the sheriff's sale under Rule 3207(e) because the trial court erroneously determined that Three Rivers' interpleader claim was not preserved by its failure to post a bond pursuant to Rule 3207(d). Three Rivers' Brief at 7. It is Three Rivers' position that Rule 3207(b) clearly creates an *"option—* but does not require—that the sale be halted for a determination of ownership by the posting of a bond." *Id.* at 10. Under Rule 3207(d) and (e), respectively, an option exists to post a bond, or to proceed without posting a bond. Instantly, Three Rivers opted to proceed under subsection (e), and argues that the trial court erred in "preclud[ing] Three Rivers from participating in the distribution of the proceeds of the sheriff's sale." *Id.* Three Rivers contends that "[n]othing in the Rules [of

Civil Procedure] or in equity supports the notion that a claimant who does not post a bond but purchases back its own property at the sheriff's sale forfeits any claim to the proceeds or waives its righ[t] to pursue an interpleader action[.]" *Id.*

In reaching its determination that Three Rivers had forfeited such a right, the trial court reasoned as follows.

> Pursuant to [the Pennsylvania] Rules [of Civil Procedure], at the time that its goods claim was denied Three Rivers had two options to protect its alleged interest in the property. Pursuant to Pa.R.C.P. 3207(d), Three Rivers could have filed an objection and posted a bond to stop the sheriff's sale from going forward. Alternatively, pursuant to Pa.R.C.P. 3207(a) and (e) Three Rivers could have filed an objection, not posted a bond, and then pursued an interpleader action against the highest bidder at the sheriff's sale. In this case, Three Rivers filed its objection to the sheriff's determination and did not post bond, so the sale of the property went forward pursuant to the Rules. Three Rivers was the highest bidder and purchased the property sold at the sheriff's sale. Once Three Rivers purchased the property at issue, there was no other interested party to an interpleader action. Three Rivers could not claim that someone else was in possession of property that rightfully belonged to them.

Trial Court Opinion, 6/28/13, at 8.

Notably, the trial court fails to cite any authority for its position. In support of its contention that an interpleader action had commenced, Three Rivers posits the following argument. Upon notice of the sheriff's levy upon the property, Three Rivers filed a goods claim asserting it owned the property in question, and also claimed a pre-existing perfected security interest in the property. Three Rivers'

Brief at 14. Said goods claim was denied by the sheriff pursuant to Rule 3204. Pa. R.C.P. 3204 (stating "[w]ithin ten days after the claim is filed the sheriff shall, with or without formal hearing, determine whether the claimant is prima facie the owner of the property in whole or in part[ ]"). Following the denial, Three Rivers filed an objection pursuant to Rule 3207. The plain language of subsection (b) states that "[u]pon the filing of the objection **an interpleader shall be at issue** in which **the claimant shall be the plaintiff and all other parties in interest shall be defendants.**" Pa.R.C.P. 3207(b) (emphasis added).

> Following a determination that the claimant is *prima facie* not the owner of the property at issue, the claimant may nevertheless have the levy removed and have that property returned to it by posting a bond with the [trial c]ourt in an amount which is twice the valuation of the property at issue and paying the sheriff's costs related to such property. Rule 3207(d). A claimant is still entitled to file an objection to the sheriff's determination without posting a bond, although the property at issue will continue to be the subject of the levy and *will be sold* at a sheriff's sale. Rule 3207(e). **However, though no bond has been posted, the proceeds of the sale are still to be retained by the sheriff** or paid into court **until the determination of the interpleader,** *i.e.* the action in which the claimant (here, Three Rivers) shall be the plaintiff **and all other *parties in interest* shall be defendants.** Rule 3207(e).

Three Rivers' Brief at 16–17 (emphasis in original). Accordingly, Three Rivers asserts that the trial court erred in concluding the interpleader action "is to be between the claimant and the person who purchases the goods at the sheriff's sale."

*Id.* at 17. Rather, "[t]he interpleader is between the claimant (here Three Rivers) and the 'interested parties,' (here Sysco)." *Id.* We agree.

Thus, the crux of the argument is whether an interpleader action can commence if there is no "third party bidder." As Three Rivers argues, Rule 3207(e) would serve no purpose if the trial court's reasoning were accepted. Under Rule 3207(e) the sheriff is to retain the proceeds of the sale pending the resolution of the interpleader action.

In *Magid–Robinson Co., Inc. v. Rondo H. Slade Dep't Stores, Inc.*, 1978 WL 477 (Pa.Com.Pl.1978), *affirmed per curiam*, 263 Pa.Super. 592, 400 A.2d 621 (1978) (unpublished memorandum)[2], Safeguard Business Systems, Inc. (Safeguard) and Magid–Robinson Co., Inc. (Magid–Robinson), initiated separate actions against Rondo H. Slade Department Stores, Inc. (Slade), and default judgments were entered against Slade in both actions. *Id.* at 730. In both cases the sheriff of Philadelphia County levied upon the personal property of Slade and scheduled a sheriff's sale. *Id.* Upon notice of the sheriff's sale, Universal Decorators, Inc. (Universal), filed a claim alleging the levied property belonged to Universal and not Slade. *Id.* The sheriff made a *prima facie* determination that Universal was not the owner of the levied property. *Id.* at 730–731. The sheriff forwarded notice of its decision to Universal with notice of the right to appeal by filing an objection pursuant to Rule 3207 within ten days, however, Universal failed to file an objection

within the time period. *Id.* at 731. Four days prior to the sheriff's sale, Universal filed a petition to set aside the writs of execution and the sheriff's sale. *Id.* Universal's petition was dismissed as "the sole and exclusive means of contesting the sheriff's determination of ownership as provided in Pa.R.C.P. 3207(b) and that Universal's failure to object to the sheriff's finding . . ., within the ten day period prescribed in the said rule, foreclosed any further challenge to the validity of the writs of execution and to the scheduled sheriff's sale." *Id.* at 731–732 (footnote omitted). In reaching this conclusion, the *Magid–Robinson* court reasoned as follows.

> By filing a timely objection to the sheriff's determination with bond, Universal could have had all levies on the claimed property withdrawn and could have maintained possession of the property pending a final judicial ruling as to which party was the true owner. If Universal had filed an objection without bond, the property would have been sold at sheriff's sale, but all proceeds would have been retained by the sheriff or the court until the judicial resolution of Universal's objection.

*Id.* at 732–733 (footnotes omitted). Further, the *Magid–Robinson* court noted that "Universal is not a party in interest . . . [i]nasmuch as Universal failed to file a timely objection to the sheriff's determination of ownership[.]" *Id.* at 733. Citing Universal's total disregard for the applicable Rules of Civil Procedure, the *Magid–Robinson* court concluded "Universal has offered no excuse whatsoever for ignoring

---

**2.** It is well-settled that Court of Common Pleas decisions "are not binding precedent for this Court." *Discover Bank v. Stucka*, 33 A.3d 82, 87–88 (Pa.Super.2011). Nevertheless, while appellate courts are not bound by the decisions of the Courts of Common Pleas, they may be considered for their persuasive authority. *See Hirsch v. EPL Techs., Inc.*, 910 A.2d 84, 89 (Pa.Super.2006).

the sheriff's notice and the requirements of Pa.R.C.P. 3207; thus, the sheriff's determination that the property levied upon was owned by Slade and not Universal is conclusive." *Id.*

*Magid–Robinson* provides guidance in the instant matter as the trial court's resolution states that in order to preserve a claim for the proceeds of the sheriff's sale, Universal could have proceeded precisely the way Three Rivers did. Instantly, the trial court has effectively reached the conclusion that Fudgie Wudgie owned the property, and that despite Three Rivers' objection, Three Rivers is now precluded from asserting original ownership because it purchased back the property it claimed to own. This conclusion is both contrary to the plain language of the statute and the purpose of Rule 3207(e).

Accordingly, we conclude the trial court erred in precluding Three Rivers from pursuing a claim of ownership pursuant to the interpleader action which commenced by Three Rivers filing an objection pursuant to Rule 3207(e). Accordingly, we reverse the trial court's April 10, 2013 order and remand for a determination of the proper distribution of the proceeds of the sheriff's sale.

Order reversed. Case remanded. Jurisdiction relinquished.