J-A29010-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | |
|---|---|
| WILLIAM RONALD TROUT, | : IN THE SUPERIOR COURT OF |
| | :        PENNSYLVANIA |
|       Appellant | : |
| | : |
|       v. | : |
| | : |
| JOAN A. TROUT, | : |
| | : |
|       Appellee | :  No. 2036 WDA 2013 |

Appeal from the Order November 20, 2013,
Court of Common Pleas, Westmoreland County,
Civil Division at No. 2005 of 2008-D

BEFORE:  DONOHUE, ALLEN and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.:        **FILED NOVEMBER 26, 2014**

William Ronald Trout ("Husband") appeals from the November 20, 2013 order of court dividing the parties' marital property.  Following our review, we affirm.

Husband and Joan A. Trout ("Wife") married on January 28, 1961 and separated on February 27, 2004.  During the marriage, Husband worked as a mechanic primarily on large machinery and eventually opened a business servicing such equipment.  Wife stayed at home and raised their children,[1] but also assisted Husband in establishing and running his business by performing the functions of a bookkeeper and occasionally helping Husband in the garage.

---

[1] The parties are the parents of three children, all of whom were adults at the time of separation.

*Retired Senior Judge assigned to the Superior Court.

In 1967, the parties purchased the marital residence, which is located on approximately thirty-seven acres of land and includes not only the residence but also a garage, which Husband used for his business, and a barn. During the marriage, the parties restored and remodeled the residence. There are two gas wells located on this property, from which the parties receive royalty payments. In 1994, the parties purchased a parcel of land in New Stanton, Pennsylvania, with the intention of moving Husband's business operations to that location. In 2000, the parties erected a building to house Husband's business operations on that parcel and Husband's business began operating from there. In 2004, Wife left the marital residence and ultimately settled in Florida, where she continues to reside. Husband has remained in the marital residence.

Husband filed a complaint for divorce in 2008. In July 2011, the trial court appointed a special master for purposes of equitable distribution proceedings. Following preliminary meetings between the parties, their counsel and the master, a hearing was set for two days in August of 2012. Husband requested a continuance, claiming that he required surgery on his hip. Although Wife objected, the master continued the hearing until September 14, 2012. At the hearing, Wife offered appraisals of the marital residence and the New Stanton property, valuing them at $225,000 and $400,000, respectively. The master subsequently filed his report and recommendation, and Husband filed multiple exceptions thereto. Following

oral argument, the trial court denied Husband's exceptions. The trial court

adopted the master's recommendations and on November 20, 2013, entered

an order dividing the parties' marital property. The trial court awarded each

party fifty percent of the marital estate. Of relevance to this appeal, the trial

court awarded Husband the marital residence and ordered that Wife be paid

her share of the marital estate from the sale of the New Stanton property.

The trial court ordered that this be accomplished as follows:

> In order to achieve an equal division of the marital estate, the Wife is awarded exclusive title and possession of the the [sic] commercial property known as 250 W. Pennsylvania Ave., New Stanton, PA subject to the following:
>
> a. The Husband shall be granted a period of 150 days in which to have a person or entity of his choosing at his sole expense remove all personal property from the premises. Husband shall refrain from any actions to or attempts to cause damage and/or affect the existing condition of the business property. In the event that Husband fails or refuses to remove the personalty during the 150 day period set forth above then said personalty shall be deemed abandoned by the Husband and the Wife at her sole discretion may choose to dispose of it by any means available. In the event that Wife sells any such personalty after the expiration of the 150 days the Husband and Wife shall equally divide the net proceeds from the sale. If the Wife is required to expend sums for removal of such personalty from the business property the Wife shall receive reimbursement through an increased division of the marital estate following the sale of the business property. In the event that any such items of personalty of the business property are not removed by Husband within the 150 day period and to the extent that any such items of personalty are not owned by the Husband, then Husband shall

indemnify and hold Wife harmless from any and all costs, expenses, lawsuits, claims, or damages including but not limited to reasonable counsel fees for the sale of any such items of personalty.

b. The transfer of the title of the commercial property to the Wife shall occur 150 days from the date of this order.

5. Wife shall be permitted immediately to place [the] business property for sale with a licensed realtor of her choosing and without the interference of the Husband. The listing price shall be no less than the appraised value of $400,000.00. Wife is permitted to solely execute any and all documents associated with the listing or selling of the business property.

6. Husband shall maintain at his sole expense insurance on both the marital residence and the business property until such time as title are transferred in accordance with the proposal for distribution.

7. At the time of the sale of the commercial property in New Stanton, a calculation is to be performed so as to determine the extent of the marital estate and the sums necessary to effectuate a 50-50 split of the marital estate. In the event that the net proceeds from the sale of the business property is an amount in excess of the marital estate owed to Wife, the Wife shall pay the Husband within 30 days of the closing of the commercial property an amount necessary to effectuate a 50-50 split of the marital assets which will include only the marital residence and the 37 acres upon which it is situate and the commercial real estate in New Stanton. In the event the net proceeds from the sale of the business property equals an amount less than a 50-50 split of the marital estate owed to Wife the Husband shall pay the Wife within 30 days of the date of the closing upon the business property an amount necessary to effectuate an equal split.

Trial Court Order, 11/20/13, at 2-4.

This appeal follows, in which Husband presents four issues for our review:

1. The [trial] court erred by awarding [W]ife exclusive possession of the parties [sic] business property after a period of 150 days elapsing from the date of the order of court, along with the sole discretion as to the sale of the aforementioned property, including but not limited to the listing price and decision upon the sale of the property.

2. The [trial] [c]ourt erred by not defining the total value of the marital estate, although a 50/50 division had been ordered. The [trial] [c]ourt abused its discretion when ordering [H]usband to make payment to Wife if she does not receive her 50 percent [] award division from the sale of the business property.

3. The [trial] court erred by not applying a discount for the cost of sale to the value of the real estate located at 461 Hecla Road, Southwest, Pa 15685 (the prior in time marital residence) which was awarded the [sic] Husband.

4. The master and subsequently, the trial court, erred and abused their discretion by awarding [W]ife reimbursement in the amount of $1,250.00 for appraisal fees, and $1,000.00 in counsel fees to be paid by [H]usband.

Husband's Brief at 2.

"Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure." *Balicki v. Balicki*, 4 A.3d 654, 662-63 (Pa. Super. 2010) (citation omitted). Further,

[w]e do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. This Court will not find an abuse of discretion unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.

*Id.* at 663 (internal citations omitted).

Husband first takes issue with the manner in which the trial court ordered the sale of the New Stanton property. Husband complains that the trial court abused its discretion by giving Husband only 150 days to empty the property and by giving Wife sole control over the listing and sale of the property. Husband's Brief at 6. Husband argues that 150 days is not long enough for him to remove all contents from the property, especially the items that belong to customers, which he must fix, reassemble, and return to the rightful owners. *Id.* at 7, 9. He also argues that he has no assurance that Wife will not sell the property for "a significantly reduced price" because she lives out of state and is in dire need of the money she will receive from the sale. *Id.* at 7-8. Husband is also concerned that Wife will not be able to maintain the property during its listing. *Id.* at 9.

Despite this catalog of concerns, Husband cites no authority to support his contention that the trial court abused its discretion by ordering that

Husband remove the contents of the New Stanton property within 150 days (rather than his proposed timeline of one year) and giving Wife unilateral control over the sale of the New Stanton property. As stated above, we will find an abuse of discretion only where "the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record." **Balicki**, 4 A.3d at 663. Husband has not presented any argument or citation to authority to support a conclusion that the trial court misapplied the law. To the extent that Husband is attempting to prove that the trial court's order is manifestly unreasonable, or the result of partiality, prejudice or bias or ill will, we disagree. There is no evidence of record to support Husband's claims that Wife will sell the New Stanton property at a less than optimal price; in fact, the evidence of record reveals that Wife is depending on the money she receives from the sale of this property to support her for as long as possible. Wife testified that her expenses exceed her income and that she has nearly depleted her IRA, her only other source of funds, to make up the difference. Husband has not paid Wife spousal support or alimony *pendente lite*, and Wife made no claim for alimony as part of the divorce action. **See** N.T., 9/14/12, at 127-28, 130-32, 136. Pursuant to the trial court's order, Wife is to receive her fifty percent of the marital estate from the sale of the New Stanton property. Trial Court Order, 11/20/13, ¶ 7. Accordingly, it is unreasonable to think that Wife would sell

the New Stanton property for a reduced price, when she is depending on the proceeds of the sale to support herself. Husband's argument is, in essence, that he would have preferred the trial court to order different terms regarding the sale of the New Stanton property. This does not establish an abuse of discretion.

In his second issue, Husband argues that the trial court erred by not defining the total value of the marital estate before awarding a fifty/fifty split thereof, or explaining what calculations should be performed to achieve this fifty/fifty split. Husband's Brief at 11-12. Husband has failed, however, to provide any citation to, or discussion of, authority to support his claim that the trial court erred in these respects.[2] The Rules of Appellate Procedure require an appellant to support his argument with citation to pertinent authorities. **See** Pa.R.A.P. 2119(a). The failure to include such citations results in waiver of that issue. **Hayward v. Hayward**, 868 A.2d 554, 558 (Pa. Super. 2005); **Estate of Lakatosh**, 656 A.2d 1378, 1381 (Pa. Super. 1995) (holding that waiver of claim results where argument section in support thereof consists of general statements unsupported by any citation of authority). However, we note that the trial court clearly explained the manner in which the calculation should occur. **See** Trial Court Order, 11/20/13, ¶ 7. Husband's real quarrel is, again, with the trial court's

---

[2] Husband cites only one decision from the Court of Common Pleas in the entirety of his argument on this issue. Husband's Brief at 14. Decisions of the Court of Common Pleas are not binding authority on this Court. **Sysco Corp. v. FW Chocolatier, LLC**, 85 A.3d 515, 520 n.2 (Pa. Super. 2014).

decision to allow Wife to unilaterally control the sale of the New Stanton property. *See* Husband's Brief at 12-13 (claiming that Husband stands to be injured if Wife accepts a price for the New Stanton property that is significantly lower than its appraised value of $400,000). Husband's concern is pure conjecture and speculation, and, as discussed above, an unreasonable assumption, as Wife has a significant interest is maximizing the sale price of the New Stanton property, as the greater its sale price, the greater the amount she receives as her share of equitable distribution.

Next, Husband contends that the trial court was required by law to apply a discount for the cost of sale to the value assigned to the marital residence, and that it erred by not doing so. Husband's Brief at 15. In his one-paragraph argument on this issue, Husband begins with the premise that the trial court must consider the costs of sale when awarding property in equitable distribution proceedings. Husband also contends that our law requires that when awarding the marital residence to a party, the trial court must deduct the cost of sale from its assigned value, even if the residence will not be sold. *Id.* Husband relies on *Zeigler v. Zeigler*, 530 A.2d 445 (Pa. Super. 1987), for this proposition, but this reliance is badly misplaced. *Zeigler* is immediately distinguishable from the present case, in that the wife, who was awarded the former marital residence, intended to sell it immediately. *Zeigler*, 530 A.2d at 447. On appeal, the wife argued that the trial court should have reduced the value of the residence by seven

percent to account for a realtor's commission and another one percent for realty transfer tax, and urged this Court to make a rule requiring such deductions when the recipient intends to sell the property immediately. *Id.* This Court refused Mother's plea, stating the following:

> We decline to adopt such a rule for all cases, or even for all cases in which an immediate sale is intended. First, such an intention is not easily susceptible of proof. More importantly, the proper amount to deduct for costs of sale would be a matter of speculation. Although it is common practice to employ the services of a realtor in selling a home, it is not uncommon for an owner to undertake a sale without the assistance of a realtor. In the latter instances, no commission is involved. Moreover, although a commission of seven percent is common, it is by no means universal. Similarly, although realty transfer taxes are routinely split equally between buyer and seller, the practice is not universal.
>
> ***Adjustment in the value of a residence for expenses associated with a contemplated sale may be an appropriate consideration in some equitable distribution cases. We neither forbid nor require the practice.*** In this case, however, we hold that the trial court's refusal to deduct the costs of sale was a proper exercise of its discretion. The record does not establish the expenses incident to the contemplated sale with sufficient specificity to require that such expenses be deducted.

*Id.* (emphasis added). Thus, not only does ***Zeigler*** not support Husband's position, it expressly refutes it. There is simply no requirement that the cost

- 10 -

of sale be deducted from the value of the marital residence, and so Husband's claim fails.[3]

Finally, Husband argues that the trial court erred in awarding Wife $1000 in counsel fees.[4]

> [O]ur ability to review the grant of attorney's fees is limited, and we will reverse only upon a showing of plain error. Plain error is found where the decision is based on factual findings with no support in the evidentiary or legal factors other than those that are relevant to such an award.

***Biese v. Biese***, 979 A.2d 892, 900 (Pa. Super. 2009) (internal citations omitted). Furthermore, we are mindful that "[c]ounsel fees are awarded only upon a showing of need[]" and that "in determining whether the court has

---

[3] Husband also cites Section 3502(a)(10.2) as support for the general proposition that the trial court must consider the costs of sale when awarding property in equitable distribution. **See** Husband's Brief at 15. Husband is incorrect. Section 3502 provides only that a trial court must "equitably divide" marital property "in such percentages and in such manner as the court deems just after considering all relevant factors[.]" 23 Pa.C.S.A. § 3502(a). The statute then lists a number of factors relevant to the equitable distribution of marital property, one of which is "[t]he expense of sale, transfer or liquidation associated with a particular asset, which expense need not be immediate and certain." 23 Pa.C.S.A. § 3502(a)(10.2). Section 3502 does not mandate that a trial court must consider the cost of sale of an asset that will not be sold; it therefore does not advance Husband's argument.

[4] In his statement of the question involved, Husband includes a challenge to the trial court's decision that he must reimburse Wife $1250 for one-half of the cost of the appraisals of the marital residence and the New Stanton property. Husband provides no discussion relevant to the reimbursement of appraisal fees, and so we find this aspect of his issue waived. **See Owens v. Mazzei**, 847 A.2d 700, 705-06 (Pa. Super. 2004) (holding that the Superior Court will not address an issue presented in the statement of questions involved where no corresponding analysis is included in the brief).

abused its discretion, we do not usurp the court's duty as fact finder." *Id.* at 899-900.

Husband argues that the counsel fee award was improper because his income is less than Wife's and his health is worse than Wife's, and therefore she has the capacity to work for a longer time and out-earn him. Husband's Brief at 16-18. Husband argues, essentially, that Wife is in a better position to be able to pay her counsel fees than he is, and therefore that she has failed to establish need.

The master found that Wife incurred additional counsel fees because of Husband's refusal to cooperate with Wife's efforts to have the properties appraised, which required Wife's counsel to seek a court order. Master's Report, 11/1/12, at 9-10. The master also found that Wife incurred additional counsel fees because of Husband's last-minute continuance requests for a surgery that Husband claimed was essential, but that he still had not undergone at the time of the hearing. *Id.* at 10. The master found that Husband is able to contribute to Wife's counsel fees, as he has a higher income (which includes social security payments) and because he is living in the marital residence, which is owned free and clear, whereas Wife must pay rent for her apartment. *Id.* Based upon these factors, the master recommended that Husband pay $1000 towards Wife's counsel fees. *Id.* The trial court adopted this recommendation and included it in the equitable distribution order. Trial Court Order, 9/20/13, ¶ 14.

The evidence of record supports the trial court's finding that Wife incurred counsel fees over a period of approximately seven months related to attempts to have appraisals performed of the marital residence and New Stanton property, which Husband refused to allow. N.T., 9/14/13, at 149. There is also evidence of record that Wife incurred counsel fees due to Husband's belated request to postpone proceedings for surgery that did not ultimately take place. *Id.* at 149-50. With regard to need, the record supports a finding of need on Wife's behalf, as it reflects that Husband's social security income alone ($21,606) is nearly as much as Wife's income, which is comprised of earnings ($17,715) and social security benefits ($9,474). *See* Husband's Exhibit 1; Wife's Exhibit L.[5] Wife testified that at seventy years of age, she does not feel able to work more than the part-time schedule she currently has and she is unsure for how much longer she will be able to work. N.T., 9/14/12, at 135, 161-62. Although each party was awarded a $35,000 retirement account, Wife has had to make withdrawals from her account to provide for her living expenses, which include rent. *Id.* at 117, 127-28, 130-32, 137. In contrast, there is no encumbrance on the marital residence, where Husband resides. *Id.* at 166-67; Husband's Exhibits 4,6.

---

[5] The parties also receive income in the form of royalty payments from the gas wells on the property surrounding the marital residence, and the gas company sends one-half of each payment to each party; however, the amount of these payments has been dwindling in recent years. N.T., 9/14/13, at 159.

As the evidence of record supports the trial court's determination, we cannot find plain error by the trial court, and so we may not disturb the counsel fee award. *See Biese*, 979 A.2d at 900. Husband has failed to establish a right to relief on this claim, as well.

Having found no merit to the issues raised by Husband, we affirm the trial court's order.

Order affirmed.


Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/26/2014