J-A24041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| OLD REPUBLIC INSURANCE COMPANY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 289 EDA 2024 |
| ALEXANDRE LINNIK, JEFFREY P. GOODMAN, AND SALTZ MONGELUZZI AND BENDESKY, P.C., POST AND SCHELL, P.C., PENNSYLVANIA INSURANCE DEPARTMENT | : | |

Appeal from the Order Entered January 5, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  230400738

BEFORE:  LAZARUS, P.J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.:                **FILED JANUARY 28, 2025**

Old Republic Insurance Company ("Old Republic") appeals from the orders which sustained the preliminary objections filed by Jeffrey P. Goodman, Esquire and the law firm of Saltz, Mongeluzzi, and Bendesky, P.C. (collectively the "Saltz defendants") and the law firm of Post & Schell, P.C. ("Post & Schell"), and dismissed the amended complaint with prejudice.[1]  We affirm.

---

[1] In its amended complaint, Old Republic did not name either the Pennsylvania Department of Insurance or the MCARE Fund as defendants, although Old Republic had named these entities as defendants in the original complaint. Old Republic also did not file a discontinuance as to these parties.  ***See*** Pa.R.C.P. 229.  Consequently, these parties filed preliminary objections to the
*(Footnote Continued Next Page)*

The trial court summarized the relevant factual and procedural history

of this matter as follows:

> [Old Republic] is the [workers' compensation] insurer of Pyramid Philadelphia Management [("Pyramid")]. [In] 2015, . . . Linnik, a banquet server, sustained a work injury while he was an employee of Pyramid . . .. [In] 2017, . . . Linnik filed petition against Pyramid . . . for workers' compensation benefits, which a workers compensation judge granted [in] 2018 and the Pennsylvania Workers Compensation Appeal Board affirmed [in] 2020. In accordance with the order and its contract with Pyramid . . ., Old Republic has been paying workers compensation benefits to . . . Linnik.
>
> [Linnik's work injury was exacerbated by the medical care he received for his injury. Consequently, in] 2017, defendant Jeffrey P. Goodman, Esquire filed on behalf of . . . Linnik a complaint against particular healthcare providers who treated [his] work injury. [Attorney] Goodman. . . is a partner at . . . Saltz, Mongeluzzi & Bendesky, P.C. A lawyer from . . . Post & Schell, P.C. represented two of those particular healthcare

_____

amended complaint. The trial court entered an order sustaining the preliminary objections filed by these parties and dismissed the amended complaint as to these parties with prejudice. *See* Order, 1/5/24, at 1 (sustaining the preliminary objections of the Pennsylvania Department of Insurance and the MCARE Fund). As the record was still unclear as to whether the trial court had disposed of all claims against all parties (*i.e.*, Linnik), this Court issued a rule to show cause why the appeal should not be quashed as interlocutory. *See* Pa.R.A.P. 341(b). Following the rule, the trial court entered an order amending its orders to clarify that it sustained the preliminary objections filed by the various defendants for the reasons raised, including the trial court's lack of subject matter jurisdiction, resulting in the dismissal of all claims against all parties to the amended complaint, including Linnik. *See* Order, 3/25/24, at 1. Because this order clarified that the trial court had disposed of all claims against all parties, including Linnik, we deem the orders sustaining the preliminary objections filed by the Saltz defendants and Post & Schell to be appealable final orders. *See* Pa.R.A.P. 341(b). Old Republic does not appeal the order sustaining the preliminary objections filed by the Pennsylvania Department of Insurance and the MCARE Fund nor the dismissal of all claims against Linnik, and these defendants are not parties to this appeal.

providers. [In] 2019, the parties settled. [Old Republic] requested access to that settlement agreement, which [was] declined.

On April 7, 2023, [Old Republic] filed a writ of summons and, on July 17, 2023, an amended complaint against defendants[. Therein, Old Republic averred that, as the workers' compensation insurance carrier responsible for making claim payments to Linnik, it had subrogation rights to the settlement amounts paid to Linnik in the medical malpractice action. Old Republic additionally asserted that, due to the settlement of the medical malpractice action, Linnik had no further right to receive workers' compensation benefits from Old Republic. Based on these averments, Old Republic sought:] (1) a declaratory judgment that [Old Republic] is entitled by law to the settlement agreement; and (2) damages due to defendants' (a) intentional non-disclosure or concealment of the settlement agreement and (b) conversion of money [Old Republic] is allegedly entitled to by law.

[The Saltz defendants and Post & Schell] filed preliminary objections, which the trial court sustained . . . and dismissed [Old Republic's] amended complaint with prejudice.

Trial Court Opinion, 4/16/24, at 1-2 (citations to the record and unnecessary capitalization omitted). The trial court entered its orders sustaining the preliminary objections filed by the Saltz defendants and Post & Schell on January 5, 2024.[2] Old Republic filed a timely notice of appeal. The trial court

---

[2] Our Rules of Appellate Procedure designate the date of entry of an order as "the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by [Pa.R.C.P. 236(b)]." Pa.R.A.P. 108(b). Our Supreme Court has held that "an order is not appealable until it is entered on the docket with the required notation that appropriate notice has been given." *Frazier v. City of Philadelphia*, 735 A.2d 113, 115 (1999). Where there is no indication on the docket that Rule 236(b) notice has been given, then the appeal period has not started to run. *Id*. Here, although the orders were noted on the docket on December 31,

*(Footnote Continued Next Page)*

did not order Old Republic to file a concise statement pursuant to Pa.R.A.P.

1925(b); however, the court authored an opinion pursuant to Rule 1925(a).

Old Republic raises the following issues for our review:

1. Is the Court's examination on this appeal limited to the issue of whether subject matter existed in the court below over the claims asserted by . . . Old Republic . . . in the amended complaint?

2. Did subject matter jurisdiction exist in the court below over the claims in the amended complaint?

Old Republic's Brief at 7 (unnecessary capitalization omitted).

In this matter, Old Republic challenges the trial court's orders sustaining

the preliminary objections filed by the Saltz defendants and Post & Schell.

When we review an order sustaining preliminary objections, our "standard of

review is *de novo*, and the scope of review is plenary." *Mazur v. Trinity*

*Area Sch. Dist.*, 961 A.2d 96, 101 (Pa. 2008).

Preliminary objections may be filed based on, *inter alia*, the following

grounds: (1) lack of jurisdiction over the subject matter of the action; (2)

failure of a pleading to conform to law or rule of court; and (3) legal

insufficiency of a pleading. *See* Pa.R.C.P. 1028(a). Notably, the Saltz

defendants and Post & Schell filed preliminary objections to the amended

complaint based on all three of these grounds, and the trial court indicated

_____

2023, the docket indicates that the orders were not served on the parties pursuant to Rule 236(b) until January 5, 2024. Accordingly, we deem this latter date, January 5, 2024, to be the date of entry of the orders.

that it sustained the preliminary objections "*for the reasons raised including* . . . lack of subject matter jurisdiction." Order, 3/25/24, at 1. This language suggests that the trial court sustained the preliminary objections based on *all* grounds raised by the Saltz defendants and Post & Schell. Nevertheless, Old Republic limits it challenge to the trial court's determination that it lacked subject matter jurisdiction over the action.

Subject-matter jurisdiction is "the power of the court to hear the cases of the class to which the case before the court belongs, that is, to enter into inquiry, whether or not the court may ultimately grant the relief requested." *Harley v. HealthSpark Found*., 265 A.3d 674, 687 (Pa. Super. 2021). The test for whether a court has subject matter jurisdiction inquires into the competency of the court to determine controversies of the general class to which the case presented for consideration belongs. *Mazur*, 961 A.2d at 101.

As our Supreme Court has noted, "[t]he courts of common pleas lack jurisdiction to adjudicate Workers' Compensation claims including issues involving subrogation." *Gillette v. Wurst*, 937 A.2d 430, 435 (Pa. 2007) (emphasis added) (citing *Romine v. Workers' Comp. Appeal Bd.* (*CNF, Inc./Potato Sack*), 798 A.2d 852, 856-57 n.10 (Pa. Cmwlth. 2002)). As the *Romine* Court explained:

> Section 319 of the [Workers' Compensation] Act[ ("Act"), 77 P.S. § 671,] provides that where an injury is caused in whole or in part by a third party, "the employer shall be subrogated to the right of the employe, his personal representative, his [estate] or his dependents against such third party." . . . The Act clearly sets forth a procedure for the adjudication of claims under the Act

- 5 -

that does not involve any jurisdiction of any court of common pleas. Instead, claims are to be adjudicated by an administrative law judge and any appeals from decisions of such judges are to be made to [the Workers' Compensation Appeals] Board. Under the Act, appeals of th[e] Board's decision may only first be brought before the Commonwealth Court. ***As such, the court of common pleas has no jurisdiction to adjudicate matters under the Act, including the issues of the application of any subrogation liens***. . . . ***[A] court of common pleas has no jurisdiction to determine whether [an insurer] has any subrogation interest arising under the Act***. A [workers' compensation judge] is vested with the authority to determine questions of subrogation, ***the court of common pleas is not***.

***Romine***, 798 A.2d at 856-57 n.10 (unnecessary capitalization omitted, emphasis added).[3] Stated simply, "the common pleas court cannot decide subrogation rights." ***Stout v. Workers' Comp. Appeal Bd.*** (***Pennsbury Excavating, Inc.***), 948 A.2d 926, 931 (Pa. Cmwlth. 2008); ***see also UPS v. Hohider***, 954 A.2d 13, 18-19 (Pa. Super 2008) (holding that "the common pleas court . . . does not have jurisdiction to alter the [e]mployer's absolute right to the established subrogation amount as determined by the WCJ").

Old Republic contends that the trial court erred by concluding that it lacked subject matter jurisdiction over the claims asserted in the amended complaint. Old Republic insists that the amended complaint did not assert either workers' compensation or subrogation claims, and merely sought documents related to the settlement of the medical malpractice action. Old

---

[3] While decisions of the Commonwealth Court are not binding upon this Court, they may serve as persuasive authority. ***See Maryland Cas. Co. v. Odyssey Contracting Corp.***, 894 A.2d 750, 756 n.2 (Pa. Super. 2006).

Republic further contends that the claims asserted in the amended complaint against the Saltz defendants and Post & Schell for declaratory judgment and intentional non-disclosure or concealment, and the claim asserted solely against the Saltz defendants for conversion, are "routinely litigated" in the courts of common pleas. Old Republic's Brief at 26. According to Old Republic, "[t]he fact that such claims may have a tangential connection to a past workers' compensation proceeding involving . . . Linnik, or a future subrogation claim to be asserted by Old Republic, did not, and does not, deprive the court below of subject matter jurisdiction." *Id*.

With respect to the claim for declaratory judgment, Old Republic asserts that it merely seeks a declaration that it is entitled to the settlement agreement and related documents. Old Republic asserts that it has paid millions of dollars in workers' compensation benefits to Linnik, and before it can assert a subrogation claim under the Act for settlement proceeds paid to Linnik in the medical malpractice action, Old Republic needs to access the settlement agreement and related documents so that Old Republic "may properly frame its future subrogation demand" under the Act. *See id*. at 28 n.13.[4]

---

[4] Old Republic asserts that it needs to "accurately calculate the total value of the . . . settlement received by . . . Linnik (including the value of any life plans or annuities involved), as well as to be able to predict when the medical malpractice action recovery will be exhausted, for subrogation purposes." Old Republic's Brief at 28 n.13 (unnecessary capitalization omitted). Old Republic
*(Footnote Continued Next Page)*

- 7 -

With respect to the claims for intentional non-disclosure or concealment (asserted against the Saltz defendants and Post & Schell) and conversion (asserted solely against the Saltz defendants), Old Republic argues that these claims merely seek damages for the harm allegedly caused to Old Republic by the failure of the Saltz defendants and Post & Schell to produce the settlement agreement and related documents upon request.[5]

Old Republic concedes that, although workers' compensation and subrogation claims ordinarily fall within the purview of workers' compensation administrative law judges and the Workers' Compensation Appeal Board, it

_____

further indicates that **if** "any portion of the settlement funds is specifically earmarked for loss of consortium claims by . . . Linnik's spouse, it would be important for Old Republic to know that fact and be able to assess whether any such loss of consortium claim was reasonable, supported by the facts, or utilized as a method of shielding funds from subrogation." **Id**. This Court is mindful that a court of common pleas would have jurisdiction where the issues presented do not arise **solely** under the Act and demand consideration of the interplay between the Act and a statute over which the court of common pleas has jurisdiction. **See Gilette**, 937 A.2d at 435-36 (holding that where the workers' compensation insurer had intervened in the third-party tort action and asserted a right of subrogation to the settlement proceeds, thereby requiring the trial court to consider the interplay between the workers' compensation insurer's right of subrogation under the Act and the surviving's spouse's right to a wrongful death award under intestacy laws, the matter was properly before the trial court). However, no such interplay between the Act and a statute over which the court of common pleas has exclusive jurisdiction is alleged in the amended complaint.

[5] In support of its arguments, Old Republic cites to numerous trial court decisions. **See** Old Republic's Brief at 30-33. Such decisions are not binding on this Court and are merely persuasive. **See Sysco Corp. v. FW Chocolatier, LLC**, 85 A.3d 515, 520 n.2 (Pa. Super. 2014) (holding that court of common pleas decisions are not binding precedent for this Court but may be considered for their persuasive value).

insists that no such claims are made in the amended complaint and that workers' compensation judges "are in no position to adjudicate" its declaratory judgment and intentional tort claims. Old Republic's Brief at 35.

The trial court considered Old Republic's issues and determined that they lack merit. The court reasoned:

> The court of common pleas lacks jurisdiction to adjudicate matters under the . . . Act including issues involving subrogation. **Gillette** . . ., 937 A.2d [at] 433-36 . . .; . . . **Hohider**, 954 A.2d [at] 18-19 . . .; **Stout** . . ., 948 A.2d [at] 931 . . .; **Romine**, 798 A.2d [at] 855-56 . . . .
>
> Here, the trial court properly sustained [the Saltz defendants' and Post & Schell's] preliminary objections and dismissed [Old Republic's] amended complaint. The trial court lacked jurisdiction over the subject matter of the action, *i.e.* [Old Republic's] alleged subrogation rights under the . . . Act. These yet-to-be-determined subrogation rights of [Old Republic] were pled as the basis for [its] legal entitlement to (1) damages for defendants' alleged torts and (2) the settlement agreement. [**See**] Amended Complaint at 1-76. As such, this trial court lacked jurisdiction over the subject matter of this action and properly sustained [the Saltz defendants' and Post & Schell's] preliminary objections.

Trial Court Opinion, 4/16/24, at 3 (unnecessary capitalization omitted).

Based on our review, we conclude that the trial court lacked subject matter jurisdiction over the action. On its face, the amended complaint asserts claims against the Saltz defendants and Post & Schell for declaratory relief and damages for intentional non-disclosure or concealment, and conversion. However, our Supreme Court has recognized that "the captioning of a pleading does not control." **Scott v. Pa. Bd. of Prob. & Parole**, 284 A.3d 178, 189 (Pa. 2022). This is because "creative plaintiffs can mask the

nature of a claim through artful pleading." *Id*. Such "[m]isdesignation does not preclude a court from deducing the proper nature of a pleading." *Id*. (citations omitted). Accordingly, "a court should examine the arguments and the requested relief to discern the true 'nature' of the claim." *Id*.

Moreover, "permitting jurisdictional questions to turn solely upon the styling of claims within a complaint would arguably permit forum shopping through pleading." *Stackhouse v. Pa. State Police*, 832 A.2d 1004, 1008-09 (Pa. 2003) (plurality) (*citing* *Mutual Benefit Ins. Co. v. Haver*, 725 A.2d 743, 745 (Pa. 1999) (holding that "to allow the manner in which the complainant frames the request for redress to control in a case . . . would encourage litigation through the use of artful pleadings designed to avoid exclusions in liability insurance policies")). As such, "courts in this Commonwealth and elsewhere have traditionally looked to the substance rather than the form of the complaint to determine matters of jurisdiction." *Id*. (*citing* *Konhaus v. Lutton*, 344 A.2d 763, 765 (Pa. Cmwlth. 1975) (explaining that the substance rather than the form of an action must be examined to determine if, in reality, it is one against an officer of the Commonwealth acting in his official capacity and within the jurisdiction of the Commonwealth Court); *Fennell v. Guffey*, 25 A. 785 (Pa. 1893) (*per curiam*) (holding that the Allegheny county court had subject matter jurisdiction because, while the complaint was "in form assumpsit," it was in substance an action of covenant upon a lease); *Johnston v. Stein*, 562 N.E.2d 1365, 1366

(Mass. App. Ct. 1990) (indicating that the question of tribunal jurisdiction is resolved by analyzing the "core" of complaint)).

Here, each of the claims asserted in the amended complaint is premised on the same factual allegations: (1) Old Republic is the insurer which is responsible for paying workers' compensation benefits to Linnik under the Act; (2) pursuant to its obligations under the Act, Old Republic has paid millions of dollars in workers' compensation benefits to Linnik since 2019; (3) Old Republic believes that Linnik may have recovered settlement monies in the medical malpractice action; and (4) Old Republic believes that it is entitled to those settlement monies pursuant the subrogation provisions of the Act set forth at 77 P.S. § 671. *See* Amended Complaint, 7/17/23, at ¶¶ 1-42. These core factual allegations indicate that, in substance, the amended complaint is an action seeking a determination regarding whether Old Republic has any statutory subrogation interest arising under the Act to any settlement proceeds that may have been paid to Linnik in connection with the medical malpractice action. Moreover, the relief requested by Old Republic is the return of all workers' compensation payments that Old Republic has made to Linnik since the settlement of the medical malpractice action. *See id*. at ¶¶ 72-75.

As explained above, the court of common pleas has no jurisdiction to adjudicate matters under the Act, including issues regarding whether an insurer has any subrogation interest arising under the Act, including the award

of or modification to workers' compensation benefits to an injured employee. *See Romine*, 798 A.2d at 856-57 n.10. While a workers' compensation judge is vested with the authority to determine such questions, the court of common pleas is not. *See id*. Accordingly, we conclude that the trial court lacked subject matter jurisdiction over the substance of the claims asserted and the relief requested in the amended complaint.

We further observe that the Saltz defendants and Post & Schell also filed preliminary objections in the nature of a demurrer based on the legal insufficiency of the claims asserted in the amended complaint. *See* Pa.R.C.P. 1028(a)(2). When considering preliminary objections contesting the legal sufficiency of a complaint, all material facts set forth in the complaint and any exhibits attached to it are admitted as true, as well as all reasonable inferences which may be drawn from those facts. *See Cooper v. Frankford Health Care Sys.*, 960 A.2d 134, 143-44 (Pa. Super. 2008). However, in assessing the complaint, the court cannot accept as true conclusions of law. *See Sevin v. Kelshaw*, 611 A.2d 1232, 1235 (Pa. Super. 1992).

With respect to the claim for declaratory relief, both the Saltz defendants and Post & Schell averred that, despite Old Republic's claim otherwise, it has an adequate and proper remedy through the workers' compensation system. *See* Saltz Defendants' Preliminary Objections to the Amended Complaint, 7/31/23, at ¶¶ 62-65; *see also* Post & Schell's Preliminary Objections to the Amended Complaint, 7/26/23, at ¶ 82. Post & Schell also averred that the

claim for declaratory relief was legally insufficient because Old Republic had not established that it had a right to obtain the settlement agreement from Post & Schell, given that: (1) Post & Schell owed no duties to Old Republic; and (2) absent the consent of its clients, Post & Schell was barred from furnishing Old Republic with any material concerning the medical malpractice action. *See* Post & Schell's Preliminary Objections to the Amended Complaint, 7/26/23, at ¶ 81 (*citing* PA.R.PROF.C. 1.6(a) (providing that "[a] lawyer shall not reveal information relating to representation of a client unless the client gives informed consent")).

With respect to the claim for intentional non-disclosure or concealment, Post & Schell averred that the claim was legally insufficient because Old Republic failed to demonstrate that it had any legal right to obtain any documents from Post & Schell, which owed no duty to Old Republic. *See id*. at ¶ 83-84. Post & Shell further averred that, although Old Republic claimed that it was a third-party beneficiary to the settlement agreement and that Post & Schell owed a fiduciary duty to Old Republic, these were mere unsupported and inaccurate legal conclusions which may not be considered by the court when passing upon the legal sufficiency of a complaint. *See id*. at ¶¶ 69-86.

Similarly, the Saltz defendants challenged the legal sufficiency of the claim for intentional non-disclosure or concealment. The Saltz defendants noted that, in Pennsylvania, "[t]he tort of intentional non-disclosure has the same elements as intentional misrepresentation except in the case of

intentional non-disclosure, the party intentionally conceals a material fact rather than making an affirmative misrepresentation." Saltz Defendants' Preliminary Objections to the Amended Complaint, 7/31/23, at ¶ 38 (*citing Bortz v. Noon*, 729 A.2d 555, 560 (Pa. 1999)). The Saltz defendants explained that the elements of intentional misrepresentation are: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance. *See id*. at ¶ 39 (*citing Gibbs v. Ernst*, 647 A.2d 882, 889 (Pa. 1994)). The Saltz defendants point out that, in the absence of a duty to speak, mere silence does not constitute fraud or concealment. *See id*. at ¶ 40 (*citing Wilson v. Donegal Mut. Ins. Co.*, 598 A.2d 1310, 1315–16 (Pa. Super. 1991). According to the Saltz defendants, Old Republic's claim for intentional nondisclosure or concealment was legally insufficient because it failed to meet the pleading requirements for the elements of an intentional non-disclosure or concealment claim in the amended complaint. *See id*. at ¶¶ 41-49.

The Saltz defendants also challenged the legal sufficiency of the claim for conversion.[6] The Saltz defendants averred that conversion is defined as

_____

[6] As explained above, the claim for conversion was not asserted against Post & Shell.

- 14 -

the deprivation of another's right of property in, or use or possession of, a chattel, or other interference therewith, without the owner's consent and without lawful justification. *See id*. at ¶ 50 (*citing Spector Gadon & Rosen, P.C. v. Rudinski, Orso & Lynch*, 231 A.3d 923 (Pa. Super. 2020)). The Saltz defendants further explained that, to prevail on its conversion claim, Old Republic was required to establish that it was the owner of the monies at issue at the time that the defendant took possession of it, and that the defendant took possession without justification or Old Republic's consent. *See id*. at ¶ 51 (*citing Acme Markets, Inc. v. Seltzer*, 244 A.3d 469, 474 (Pa. Super. 2020)). The Saltz defendants averred that, at no point following the settlement of the medical malpractice action—or ever—have the Saltz defendants received or taken possession of any money from Old Republic, and the claim for conversion is legally insufficient because the amended complaint does not include any averments that it did so. *See id*. at ¶¶ 52-57.

Finally, both the Saltz defendants and Post & Schell filed preliminary objections based on the failure of the amended complaint to conform to law or rule of court. *See* Pa.R.C.P. 1028(a)(2). Specifically, they claimed that the amended complaint violates the verification requirement of Pa.R.C.P. 1024(c) (requiring that the verification shall be made by the party filing the pleading unless certain exceptions apply and, in such cases, "the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of the person's information as to matters

not stated upon his or her own knowledge and the reason why the verification is not made by a party"). They further averred that the verification attached to the amended complaint was deficient because it was not signed by Old Republic, and failed to set forth the reason why the verification was not made by Old Republic. *See* Post & Schell's Preliminary Objections to the Amended Complaint, 7/26/23, at ¶¶ 59-66; *see also* Saltz Defendants' Preliminary Objections to the Amended Complaint, 7/31/23, at ¶¶ 67-75.

As noted above, because the trial court indicated that it sustained the preliminary objections "*for the reasons raised including* . . . lack of subject matter jurisdiction," Order, 3/25/24, at 1, we interpret this language as indicating that the trial court sustained the preliminary objections based on *all* grounds raised by the Saltz defendants and Post & Schell, including the legal insufficiency of the claims asserted in the amended complaint and the failure of the amended complaint to conform to law or rule of court. As Old Republic did not raise any challenge to these latter two determinations by the trial court, Old Republic has waived any challenge to them. Thus, we leave intact the trial court's additional rulings that the preliminary objections to the amended complaint filed by the Saltz defendants and Post & Schell were sustained based on and the legal insufficiency of the claims asserted in the amended complaint and the failure of the amended complaint to conform to law or rule of court. Accordingly, we affirm the orders sustaining the

preliminary objections to the amended complaint filed by the Saltz defendants

and Post & Schell.

Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/28/2025