**DISCOVER BANK, Appellant**

v.

**David P. STUCKA and Barbara Stucka, Appellees.**

Superior Court of Pennsylvania.

Argued May 17, 2011.
Filed Nov. 14, 2011.

James C. Warmbrodt, Pittsburgh, for appellant.

Timothy D. Iannini, Erie, for appellees.

BEFORE: MUSMANNO, BOWES and FITZGERALD*, JJ.

OPINION BY MUSMANNO, J.:

Discover Bank ("the Bank") appeals from the Order denying its Motion to amend the Complaint and dismissing the instant action. We reverse.

On October 23, 2009, the Bank commenced this action by filing a Complaint against David P. Stucka and Barbara Stucka ("the Stuckas"). The Bank alleged that the Stuckas had applied for and received a credit card from the Bank; that the credit card had a balance due of $16,480.77; and that the Stuckas were in default "by failing to make monthly payments when due." Complaint, filed 10/23/09. The Bank further alleged that the entire balance was

---

* Former Justice specially assigned to the Superior Court.

"immediately due and payable ...," and claimed it was entitled to interest on the unpaid balance and attorneys' fees. *Id.* The Bank attached to the Complaint an account summary of the Stuckas' Discover credit card. *See id.*

The Stuckas filed Preliminary Objections to the Complaint, alleging that the Complaint and the attached account summary contained no information regarding their alleged use of the credit card and did not identify or attach any contract or agreement between the parties. According to the record before us, the trial court did not rule on these Preliminary Objections.

On January 19, 2010, the Bank filed an Amended Complaint, in which the Bank alleged that the Stuckas' account was subject to the terms and provisions of a written customer agreement. Amended Complaint, 1/19/10. The Bank attached a copy of a Discover Cardmember Agreement to the Complaint, as well as copies of monthly statements related to the Stuckas' account from December 25, 2002, through May 25, 2009. *Id.* The Bank alleged that the Stuckas were in default for failing to make monthly payments when due, and demanded payment of the balance due, interest and attorneys' fees. *Id.*

The Stuckas filed Preliminary Objections to the Amended Complaint, alleging that the attached Discover Cardmember Agreement was a generic boilerplate agreement that was not the original agreement between the parties. The Stuckas further alleged that the Bank failed to attach a copy of the credit card application or any individual purchase receipts.

On July 19, 2010, after hearing argument, the trial court issued an Order requiring the Bank, by September 3, 2010, to produce an application and/or credit card member agreement exhibiting the Stuckas' signatures. Order, 7/19/10. The trial court indicated that, if the Bank did not produce such a document, it "may suffer dismissal of all its causes of action, with prejudice" for failure to sufficiently plead under Pennsylvania Rule of Civil Procedure 1019.

The Bank filed a Motion for reconsideration of the July 19, 2010 Order. On July 30, 2010, the trial court issued an Order, finding that the Bank had failed to produce a copy of the parties' underlying contract, and had submitted a boilerplate credit card agreement. Order, 7/30/10. The trial court ordered the Bank to produce the underlying contract by September 3, 2010, or the Stuckas' Preliminary Objections "will self-execute and be GRANTED and [the Bank's] Complaint will be DISMISSED . . . ." *Id.*

On August 30, 2010, the Bank filed (1) a Motion to amend the Complaint and (2) a Second Amended Complaint. The Bank alleged that it was filing the Second Amended Complaint "to cure the objections to the previous amended complaint and to set forth two additional causes of action against [the Stuckas]." Motion to Amend the Complaint, 8/30/10. In the Second Amended Complaint, the Bank asserted that the original Cardmember Agreement was not available because it had been mailed to the Stuckas, but alleged that it had attached a true and correct copy of that Agreement. Second Amended Complaint, 8/30/10. The Bank also attached copies of the Stuckas' monthly statements for the account from December 25, 2002 to May 25, 2009.

In addition, the Bank added counts for breach of "contract implied in law" and unjust enrichment. *Id.* In its claim for contract implied in law, the Bank alleged that, on several specific dates, the Stuckas had paid off their account balance, but then had continued to charge on the ac-

count. *Id.* The Bank asserted that the Stuckas' course of conduct clearly established their acceptance of the terms and conditions of the credit card agreement, and that the Stuckas had breached the agreement by failing to make the required payments. *Id.* In the unjust enrichment count, the Bank alleged that the Stuckas had been unjustly enriched by their use, acceptance, and retention of goods purchased by using the account without making payments to the Bank. *Id.*

The Stuckas filed a Response and New Matter to the Bank's Motion to amend the Complaint, in which the Stuckas alleged that the Bank had failed to produce an application and/or credit card agreement as required by the trial court's Orders of July 19 and July 30, 2010.

On October 6, 2010, the trial court issued an Order denying the Bank's Motion to amend the Complaint, on the basis that the Bank had not complied with the trial court's prior Orders, and had failed to produce an application and/or credit card agreement "exhibiting [the Stuckas'] signature . . . ." Order, 10/6/10. The trial court also dismissed the Bank's Complaint, with prejudice, on the basis that the Bank had failed to "sufficiently plead under Pennsylvania Rule of Civil Procedure 1019." Order, 10/6/10.

The Bank filed this timely appeal from the trial court's October 6, 2010 Order, raising the following issues:

1. Whether [the Bank] satisfied the requirements of Pa.R.C.P. 1019(i) by attaching to its Amended Complaints unsigned customer agreements?

2. Whether an enforceable contract to repay amounts charged to a credit card account may be formed absent a written or signed agreement?

3. Whether [the Bank] should have been permitted leave to amend its Com-

plaint to assert an alternative basis for recovery?

4. Whether the factual averments in [the Bank's] Amended Complaints and the documents attached as exhibits thereto were sufficiently specific to permit [the Stuckas] to prepare an answer?

Brief for Appellant at 3.

As the Bank's claims on appeal are inter-related, we will consider them together. The Bank contends that the trial court erred by imposing a requirement at the pleading stage that the Bank attach a signed writing to its Amended Complaints.

■ Our standard of review is as follows:

[O]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Feingold v. Hendrzak,* 15 A.3d 937, 941 (Pa.Super.2011) (citation omitted).

■ A complaint "must apprise the defendant of the nature and extent of the

plaintiff's claim so that the defendant has notice of what the plaintiff intends to prove at trial and may prepare to meet such proof with his own evidence." *Weiss v. Equibank*, 313 Pa.Super. 446, 460 A.2d 271, 274–75 (1983). In a claim for breach of contract, the plaintiff must allege that "there was a contract, the defendant breached it, and plaintiff[ ] suffered damages from the breach." *McShea v. City of Philadelphia*, 606 Pa. 88, 995 A.2d 334, 340 (2010).

■■ Rule 1019(i) of the Pennsylvania Rules of Civil Procedure provides as follows:

(i) When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing.

Pa.R.C.P. 1019(i). Where a complaint is based on the failure of a debtor to pay the balance due on a credit card account, it is proper under Rule 1019(i) for the defendant to assert in preliminary objections that the plaintiff failed to produce a cardholder agreement and statement of account. *See Atlantic Credit and Finance, Inc. v. Giuliana*, 829 A.2d 340, 345 (Pa.Super.2003).

Here, the Bank, in its Amended Complaint, attached a copy of a written Discover Cardmember Agreement. The Bank alleged that the Stuckas' credit card was subject to the terms and conditions of that Agreement, and that a copy of the Agreement had been mailed to and received by the Stuckas. Amended Complaint, 1/19/10. The Bank further alleged that the Stuckas had failed to make monthly payments on the account balance as required by the Agreement, and, in support, attached to the Amended Complaint numerous Discov-

er Card Account Summaries, addressed to the Stuckas, depicting the balance due and payments made from December 25, 2002 to May 25, 2009.

Similarly, in Count I of the Second Amended Complaint, the Bank set forth a claim of breach of contract, alleging that the Stuckas had applied for and were issued a credit card in January 1992. Second Amended Complaint, filed 8/30/10, Count I. The Bank averred that a copy of the application submitted by the Stuckas was not available due to the age of their account, but asserted that, at the time the credit card was issued, the Stuckas were subject to a written Cardmember Agreement. *Id.* The Bank alleged that it had attached a true and correct copy of the Cardmember Agreement, and stated that, pursuant to the Agreement, the Stuckas were in default by failing to make the monthly payments when due. *Id.*

Based on the above-cited authority, we conclude that the Bank's Amended Complaint and Second Amended Complaint set forth sufficient allegations to provide the Stuckas with notice of the Bank's claims. The allegations contained therein, if ultimately proven, would permit recovery. *See Hess v. Fox Rothschild, LLP*, 925 A.2d 798, 805–06 (Pa.Super.2007) (stating that, in ruling on preliminary objections, the court must determine whether the allegations of the complaint would permit recovery if ultimately proven).

We do not find persuasive the Stuckas' argument that the Bank was required to attach a signed document. Neither Rule 1019 or *Atlantic Credit* set forth such a requirement. Further, the Court of Common Pleas decisions relied on by the Stuckas are not binding precedent for this Court. *See Commonwealth v. Phinn*, 761 A.2d 176, 179 (Pa.Super.2000) (holding that a published decision of a court of common

pleas was not binding precedent for the Superior Court panel). Thus, we conclude that the trial court erred in ordering the Bank to produce a cardmember agreement containing the Stuckas' signatures.

■ Next, we address the Bank's claims that it should have been permitted to amend its Complaint to assert alternative bases for recovery. In the Second Amended Complaint, the Bank added counts asserting breach of an implied contract and unjust enrichment.

Pursuant to Rule 1033 of the Pennsylvania Rules of Civil Procedure, "[a] party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense...." Pa. R.C.P. 1033.

> [Rule 1033] has repeatedly been interpreted as requiring the liberal evaluation of amendment requests ..., in an effort to secure a determination of cases based upon their merits, ... rather than based upon a mere technicality....
>
> Despite this liberal amendment policy, Pennsylvania appellate courts have repeatedly ruled that an amendment will not be permitted where it is against a positive rule of law, or where the amendment will surprise or prejudice the opposing party.
>
> ...
>
> [T]he prejudice inquiry is limited to an evaluation of whether undue prejudice exists.

*Horowitz v. Universal Underwriters Ins.*, 397 Pa.Super. 473, 580 A.2d 395, 398–99 (1990).

In addition, "[t]he [R]ules [of Civil Procedure] shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable." Pa.R.C.P. 126. "The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." *Id.*

■ A contract implied in fact "arises where the parties agree upon the obligations to be incurred, but their intention, instead of being expressed in words, is inferred from their acts in the light of the surrounding circumstances." *Rissi v. Cappella,* 918 A.2d 131, 140 (Pa.Super.2007) (emphasis omitted). "An implied contract may be found to exist where the surrounding circumstances support a demonstrated intent to contract." *Tyco Electronics Corp. v. Davis,* 895 A.2d 638, 640 (Pa.Super.2006).

■ "An action based on unjust enrichment is an action which sounds in quasi-contract or contract implied in law." *Sevast v. Kakouras,* 591 Pa. 44, 915 A.2d 1147, 1153 n. 7 (2007).

> [ ] "A quasi-contract imposes a duty, not as a result of any agreement, whether express or implied, but in spite of the absence of an agreement, when one party receives unjust enrichment at the expense of another."
>
> The elements of unjust enrichment are benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value. Whether the doctrine applies depends on the unique factual circumstances of each case....

*Stoeckinger v. Presidential Fin. Corp. of Delaware Valley*, 948 A.2d 828, 833 (Pa.Super.2008) (citations omitted).

In Count II of the Second Amended Complaint, the Bank alleged breach of a contract implied in law. The Bank asserted that the Stuckas had accepted the Bank's offer to open a credit card account by using the credit card to purchase goods and services. *Id.*, Count II. The Bank also alleged that on various specified dates, the Stuckas had paid their credit card balance, and had then continued to use the card. *Id.* The Bank attached copies of checks, written by both Barbara Stucka and by David Stucka, making payments on the credit card account. *Id.* The Bank further stated that the Stuckas' course of conduct clearly established their understanding and acceptance of the terms and conditions of usage of their credit card account, and that the Stuckas breached the parties' agreement by failing to make the required payments when due. *Id.*

In Count III of the Second Amended Complaint, the Bank alleged that the Stuckas, by their use, acceptance and retention of the goods purchased using the credit card, without making the payments due, were unjustly enriched to the detriment of the Bank. *Id.*, Count III. The Bank also asserted that, although it had repeatedly requested payment from the Stuckas, they willfully failed and refused to pay. *Id.*

Based on the above-cited authority, we conclude that the trial court abused its discretion by failing to allow amendment and dismissing the Second Amended Complaint. The allegations of the Second Amended Complaint were sufficient to apprise the Stuckas of the nature of the Bank's claims. *See Weiss*, 460 A.2d at 274–75. Further, we discern no prejudice to the Stuckas from the filing of the Second Amended Complaint. Accordingly, we reverse the trial court's Order denying the Bank's Motion to amend the Complaint.

Order reversed; case remanded for further proceedings in accordance with this Opinion; jurisdiction relinquished.