NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1796
_____

BARRY SUNSHINE,
on behalf of himself and all others similarly situated,

Appellant

v.

REASSURE AMERICA LIFE INSURANCE COMPANY;
SWISS RE LIFE & HEALTH AMERICA, INCORPORATED

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2:10-cv-01030)
District Judge: Hon. Norma L. Shapiro
Submitted Pursuant to Third Circuit LAR 34.1(a)
January 18, 2013

Before: SMITH, CHAGARES, and BARRY, Circuit Judges.

(Filed: February 15, 2013)
_____

OPINION
_____

CHAGARES, Circuit Judge.

Plaintiff Barry Sunshine appeals two orders that dismissed his four-count amended

complaint against defendant Reassure America Life Insurance Company ("Reassure").

His action sought damages in connection with a disability insurance policy that he

purchased from Reassure. For the reasons that follow, we will affirm.

The amended complaint and attached exhibits allege the following facts. On September 21, 1990,[1] Reassure[2] issued an individual disability insurance policy to Sunshine, who began to make premium payments. At some point, Sunshine became disabled and began to receive benefits under the policy. Sunshine's obligation to pay his premium ceased. Reassure terminated benefit payments on March 22, 2009, Sunshine's sixty-fifth birthday. Sunshine contends that the language of the policy indicated that Reassure would provide benefits until September 21, 2009, the policy anniversary after his sixty-fifth birthday.

The policy's Schedule Page summarizes its terms and lists the "Benefit Period Limit" as "to age 65." Sunshine's Appendix ("App.") 117. Another section of the policy defines the "Benefit Period Limit" as "the longest period of time that benefits will be paid for a Total or Residual Disability or combination thereof." App. 123. The Schedule Page references September 21, 2009, the policy anniversary after Sunshine's sixty-fifth birthday, as the "date to which premium is payable." App. 117. The policy's cover page provides instructions on the payment of premiums and states that policyholders may "renew [the] Policy to the policy anniversary closest to [their] 65th birthday by paying the premiums shown on the Schedule Page as they become due." App. 116.

Sunshine filed his first complaint on March 9, 2010. On February 22, 2011, the District Court dismissed the complaint without prejudice for lack of subject matter jurisdiction. On June 9, 2011, Sunshine filed an amended complaint on behalf of himself

---

[1] The amended complaint alleges that Reassure issued the policy on November 21, 1990. The policy, however, lists the date of issue as September 21, 1990.

and the class of individuals who had purchased disability policies from Reassure whose benefits had terminated prior to the policy anniversary after the insured's sixty-fifth birthday. The amended complaint alleges breach of contract (Count I), violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (Count II), fraud (Count III), and unjust enrichment (Count IV). Sunshine seeks a permanent injunction, compensatory damages, punitive damages, payment of claims wrongfully denied, disgorgement of all premiums paid toward the disputed policies, treble damages, and fees.

Reassure again moved to dismiss the complaint and the District Court granted the motion. Specifically, the District Court dismissed Counts II, III, and IV with prejudice. The court dismissed Count I (breach of contract) without prejudice because Sunshine's claimed damages of $46,000 with respect to that count could not satisfy the $75,000 amount-in-controversy requirement of 28 U.S.C. § 1332(a).

Sunshine appealed to this Court. In the interim, Reassure moved for reconsideration before the District Court, asking the court to exercise jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), to reach the merits of Count I and to dismiss that count with prejudice.[3] The court granted the motion and dismissed Count I with prejudice to Sunshine and without prejudice to other members of the putative class.

II.

---

[2] Defendant Swiss Re Life & Health America is the corporate parent of Reassure.
[3] This Court stayed the appeal pending disposition of Reassure's motion. Fed. R. App. P. 4(a)(4).

This Court exercises "plenary review over a district court's grant of a motion to dismiss pursuant to Rule 12(b)(6)." Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). We will "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Id. (quotation marks omitted). Generally, a court ruling on a motion to dismiss will not consider "matters extraneous to the pleadings." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). "However, an exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." Id. (quotation marks omitted) (alteration in original). In this case, Sunshine appended a copy of his insurance policy to the amended complaint.

Sunshine requested that the District Court exercise jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2). This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## A.

The District Court initially dismissed Count I because Sunshine's individual claim could not satisfy the $75,000 amount-in-controversy requirement of 28 U.S.C. § 1332(a) after the dismissal of Counts II, III, and IV. In response to Reassure's motion for reconsideration, the court dismissed Count I on the merits because "[t]he insurance policy clearly and unambiguously provides disability benefits until the policyholder's 65th birthday if the policyholder becomes disabled before age 63." App. 36. Sunshine argues

4

that the phrase "to age 65" is ambiguous and that the court improperly dismissed his breach of contract claim on the merits.

We first observe that the District Court properly exercised subject matter jurisdiction over Count I. CAFA gives federal courts jurisdiction over class action cases in which the parties are diverse and the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2). The court may aggregate the claims of the putative class members to determine the amount in controversy before it certifies the class. See 28 U.S.C. §§ 1332(d)(6), 1332(d)(8) ("This subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action."). Sunshine's amended complaint identifies 412 policyholders with the same policy as Sunshine and determines the period of time between each holder's policy anniversary date and his or her sixty-fifth birthday. The complaint then calculates the amount each policyholder was allegedly entitled to — his or her "gap amount" — by multiplying that time period by the amount of the holder's monthly benefits under the policy. The complaint aggregated amounts for each policyholder and alleged that the total amount in controversy was $5,600,000. Because the complaint sufficiently alleges a $5,600,000 amount-in-controversy for the 412 members of the class, we will affirm the portion of the District Court's order that exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

We next turn to Sunshine's argument that the phrase "to age 65" is ambiguous as a matter of law. A court must give effect to contractual language that is "clear and unambiguous." Liberty Mut. Ins. Co. v. Sweeny, 689 F.3d 288, 293 (3d Cir. 2012) (quotation marks omitted). Contractual language is ambiguous if it is "'subject to more

5

than one reasonable interpretation when applied to a particular set of facts.'" Id. (quoting Madison Const. Co. v. Harleysville Mut. Ins. Co., 735 A.2d 100, 106 (Pa. 1999)). A court will decide whether contractual language is ambiguous as a matter of law. STV Eng'rs, Inc. v. Greiner Eng'g, Inc., 861 F.2d 784, 787 (3d Cir. 1988). The factfinder will ultimately interpret any ambiguous contractual terms. Id.

To determine whether the phrase "to age 65" was ambiguous, the District Court examined the word "to" and applied a definition that understood the word as synonymous with "before" and "till" when used to "indicate position or relation to time." App. 36 (citing Webster's Ninth Collegiate Dictionary 1239 (1983)). The court then concluded that "[t]he insurance policy clearly and unambiguously provides disability benefits until the policyholder's 65th birthday if the policyholder becomes disabled before age 63." App. 36. We agree. Because Sunshine became disabled prior to his sixty-third birthday, we conclude that the policy clearly provided coverage until the date of his sixty-fifth birthday, not the policy anniversary date that followed. We will therefore affirm the District Court's dismissal of Count I.

## B.

Sunshine's complaint alleges a loss of money as the result of Reassure's unfair or deceptive acts in violation of Pennsylvania's UTPCPL. In particular, Sunshine alleges "ongoing misrepresentations" and a "deceitful course of conduct" related to the advertised benefits of the policy. App. 103. The District Court concluded that the economic loss doctrine barred Sunshine's UTPCPL claim and dismissed that count with prejudice.

The purpose of the UTPCPL is "to prevent and deter fraud." Agliori v. Metro. Life Ins. Co., 879 A.2d 315, 320 (Pa. Super. Ct. 2005). The statute declares unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." 73 Pa. Cons. Stat. § 201-3 (2012). The statute creates a private cause of action for any person who purchases goods or services primarily for personal reasons and "suffers any ascertainable loss of money or property, real or personal." 73 Pa. Cons. Stat. § 201-9.2(a) (2012).

The parties dispute whether the District Court properly applied the economic loss doctrine to bar Sunshine's UTPCPL claim. Under the economic loss doctrine, "'no cause of action exists for negligence that results solely in economic damages unaccompanied by physical injury or property damage.'" Excavation Techs., Inc. v. Columbia Gas Co. of Pa., 985 A.2d 840, 841 n.3 (Pa. 2009) (quoting Adams v. Copper Beach Townhome Cmtys., L.P., 816 A.2d 301, 305 (Pa. Super. Ct. 2003)). The purpose of the doctrine is to "prevent[] tort law from reallocating risks between parties who fairly have negotiated an arms-length contract." Werwinski v. Ford Motor Co., 286 F.3d 661, 679 (3d Cir. 2002). In Werwinski, which involved alleged misrepresentations in connection with the purchase of Ford automobiles, this Court examined whether the economic loss doctrine barred intentional fraud claims and statutory causes of action as well as tort claims based in negligence. See id. 674. We concluded that policy considerations did not support providing plaintiffs with "additional tort remedies" in these situations and applied the economic loss doctrine to bar the UTPCPL claim and the common law intentional fraud claim. Id. at 680-81.

7

Like the plaintiffs in <u>Werwinski</u>, Sunshine has not explained "why contract remedies are inadequate to provide redress." <u>Id.</u> at 679. His alleged loss is economic; he claims that Reassure has failed to provide the coverage promised by the terms of the policy. Sunshine also claims a wrong extraneous to that policy: that Reassure "advertis[ed] the Policy with intent not to provide the full coverage detailed therein." App. 103. However, his complaint alleges no specific instance of false or misleading advertising with respect to the policy he purchased. As the District Court pointed out, Sunshine cannot now "convert his claim to a tort claim by alleging that Reassure's failure to pay disability benefits to Sunshine means Reassure made misrepresentations and false advertisements when selling him the disability insurance." App. 10. The District Court properly applied <u>Werwinski</u> and concluded that the economic loss doctrine barred Sunshine's UTPCPL claim. We will affirm the dismissal of Count II.

## C.

Sunshine's complaint also alleges common law fraud. The District Court dismissed that count on two grounds: because the economic loss doctrine barred the claim and because Sunshine failed to allege fraud with the particularity required by Federal Rule of Civil Procedure 9(b). For the reasons discussed above, the economic loss doctrine bars Sunshine's common law intentional fraud claim. We need not consider the District Court's ruling regarding the particularity of Sunshine's fraud claim. We will therefore affirm the District Court's dismissal of Count III.

D.

Finally, Sunshine appeals the District Court's dismissal of his unjust enrichment claim. The complaint generally alleges that Reassure has unjustly enriched itself by its deceptive acts.

To establish a claim for unjust enrichment, a plaintiff must demonstrate "'benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value.'" Discover Bank v. Stucka, 33 A.3d 82, 88 (Pa. Super. Ct. 2011) (quoting Stoeckinger v. Presidential Fin. Corp. of Del. Valley, 948 A.2d 828, 833 (Pa. Super. Ct. 2008)). An unjust enrichment action "sounds in quasi-contract," which is an "obligation[] created by law for reasons of justice." Sevast v. Kakouras, 915 A.2d 1147, 1153 n.7 (Pa. 2007) (quotation marks omitted). In Pennsylvania, a litigant cannot maintain an unjust enrichment claim when the parties have entered into a written agreement. Ruby v. Abington Mem'l Hosp., 50 A.3d 128, 136 (Pa. Super. Ct. 2012).

A written agreement governs the relationship between Sunshine and Reassure. As the District Court observed, "the obligation to pay disability benefits in exchange for premium payments was governed by a written agreement, the insurance policy." App. 14. We will therefore affirm the dismissal of Count IV.

III.

For the reasons expressed above, we will affirm the orders of the District Court.

9