J-S51038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DISCOVER BANK C/O DB SERVICING CORPORATION, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAMELA M. BAGDIS, | |
| Appellant | No. 2274 EDA 2014 |

Appeal from the Order Entered July 11, 2014
in the Court of Common Pleas of Montgomery County
Civil Division at No.: 2013-21232

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:               **FILED AUGUST 28, 2015**

Appellant, Pamela M. Bagdis, appeals *pro se* from the court's order granting the motion of Appellee, Discover Bank c/o DB Serving Corporation, and entering judgment against her in the amount of $2,269.62, plus interest and costs.  We affirm.

We take the following facts from our independent review of the record and the trial court's February 2, 2015 opinion.  On November 9, 2012, Appellee commenced an action in the magisterial district court against Appellant as a result of her failure to pay the balance due on a Discover credit card pursuant to the cardmember agreement.  On June 14, 2013, the

_____

[*] Retired Senior Judge assigned to the Superior Court.

magisterial district judge (MDJ) entered judgment in Appellee's favor, and against Appellant, in the amount of $2,369.62 plus fees. Appellant had failed to appear for the MDJ hearing, but timely filed an appeal *de novo* in the trial court on July 8, 2013, and filed a contemporaneous praecipe for rule to file complaint. Appellee filed a timely complaint on July 26, 2013, and Appellant filed preliminary objections on September 30, 2013.

> Thereafter, on October 8, 2013, [Appellee] filed an amended complaint alleging causes of action for breach of contract, account stated, and unjust enrichment against [Appellant] . . . . [Appellant] filed preliminary objections to [Appellee's] amended complaint which [the] court dismissed by order [filed on] January [27], 2014 [for her failure to file a supporting brief pursuant to the Montgomery County local rules]. In addition to dismissing [Appellant's] preliminary objections, the court ordered her to file an answer within twenty days. (***See*** Order, 1/27/14). [Appellant] never filed an answer.
>
> Instead, [twenty-seven days later,] on February 18, 2014, [Appellant] filed a motion to reconsider seeking review of her previously dismissed preliminary objections based on her claim that she was unaware of local rules of procedure on which [the] court had relied in dismissing her preliminary objections. The court, in its discretion, denied [Appellant's] motion to reconsider. On March 10, 2014, [Appellee] filed a motion for judgment on the pleadings. After argument and a thorough review of the parties' submissions[,] the [trial court] granted [Appellee's] motion for judgment on the pleadings by order [filed on] July [11], 2014. [Appellant] filed a timely notice of appeal on August 6, 2014. Thereafter, on August 26, 2014, [Appellant] filed and served . . . her concise statement of [errors] complained of on appeal[,] [***see*** Pa.R.A.P. 1925(b)], asserting that the court erred in granting judgment to [Appellee] for a variety of reasons[. The trial court filed its Rule 1925(a) opinion on February 2, 2015.]

(Trial Court Opinion, 2/02/15, at 1-2) (footnotes omitted; case citation formatting provided; emphasis, quotation marks, and some capitalization omitted).

Appellant raises four issues for our review:

(I)     Did [Appellee] comply with the rules for service to properly establish *in personam* jurisdiction before the entry of judgment against [Appellant]?

(II)   Can [Appellee], a foreign corporation "doing business" in the Commonwealth of Pennsylvania, initiate litigation in the courts of the Commonwealth without a certificate of authority?

Or in the alternative, can an action be sustained by a different party, DB Servicing Corporation, itself a foreign corporation with respect to Pennsylvania, also operating without a certificate of authority, when the captioned plaintiff, Discover Bank, has no knowledge of the factual averments of the complaint?

(III)  Is it appropriate to enter judgment in favor of [Appellee] when [Appellee] has not even established a *prima facie* cause of action upon which any relief can be granted?

(IV)  Is it an abuse of discretion for the court to dismiss a motion for reconsideration, and then close the pleadings and render judgment, especially when jurisdiction has not been established?

(Appellant's Brief, at 2-4) (some capitalization omitted).[1]

_____

[1] The questions involved section of Appellant's brief violates Pennsylvania Rule of Appellate Procedure 2116(a), which provides that an appellate brief "must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail."  Pa.R.A.P. 2116(a).  Here, Appellant's four questions span three pages because they contain impermissible detail and argument.  (**See** Appellant's Brief, at 2-4).

*(Footnote Continued Next Page)*

Our standard of review of a trial court's grant of a motion for judgment on the pleadings is well-settled:

> Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law.

> Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.

> We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

---
*(Footnote Continued)* ──────────────

We are cognizant of the fact that Appellant is proceeding *pro se*. However:

> Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

***Wilkins v. Marisco***, 903 A.2d 1281, 1284-85 (Pa. Super. 2006), *appeal denied*, 918 A.2d 747 (Pa. 2007) (citation omitted).

*S.W. Energy Prod. Co. v. Forest Resources, LLC*, 83 A.3d 177, 185 (Pa. Super. 2013), *appeal denied*, 96 A.3d 1029 (Pa. 2014) (citation omitted).

Here, Appellant's first two claims, that she was not properly served and that Appellee could not litigate in the Commonwealth, (*see* Appellant's Brief, at 2-3), are improper issues in a motion for judgment on the pleadings because they require the examination of issues outside of the pleadings. *See S.W. Energy*, *supra* at 185.

Additionally, for the sake of completeness, we note that Appellant's claims challenging the court's *in personam* jurisdiction, (*see* Appellant's Brief, at 10-17), are disingenuous and waived where she voluntarily submitted herself to the court's jurisdiction by filing an appeal *de novo* from the MDJ's judgment. Additionally, by filing an appeal *de novo* instead of a petition for writ of *certiorari*, Appellant was precluded from challenging in the trial court any alleged irregularities in the magisterial district court. (*See id.* at 14-15); *see also Gladstone Partners, L.P. v. Overland Enterprise, Inc.*, 950 A.2d 1011, 1014-15 (Pa. Super. 2008). Further, any claim that Appellee could not commence litigation for a debt because it is a foreign corporation doing business without a certificate of authority, (*see* Appellant's Brief, at 17-22), lacks merit because "[a] foreign association is not 'doing business' solely because it resorts to the courts of Pennsylvania to recover an indebtedness[.]" 15 Pa.C.S.A. § 403, Committee comment.

Moreover, to the extent that Appellant's issues are meant as challenges to the dismissal of her preliminary objections, (**see** Appellant's Preliminary Objections to Amended Complaint, 10/28/13, at unnumbered pages 1-5), we observe that the court dismissed the preliminary objections for Appellant's failure to file a supporting brief. (**See** Order, 1/27/14); **see also** Mont. Co. R.C.P. 1028(c)(1)(b)(2), (c)(4)(a) (court may dismiss preliminary objections for failure to file a brief). We discern no error in the court's exercise of its discretion, and reiterate to Appellant that "any person choosing to represent [her]self in a legal proceeding must, to a reasonable extent, assume that [her] lack of expertise and legal training will be [her] undoing." **Wilkins**, **supra** at 1285 (citation omitted); **see also Discover Bank v. Stucka**, 33 A.3d 82, 86 (Pa. Super. 2011) (standard of review for decision on preliminary objections is for error of law). Also, the court properly denied Appellant's motion for reconsideration of the dismissal because the one page motion merely stated that the preliminary objections should not have been dismissed because she was proceeding *pro se* and unaware of the local rules. (**See** Motion to Reconsider, 2/18/14, at 1); **see also Wilkins**, **supra** at 1285. Therefore, Appellant's first and second issues do not merit relief.

In Appellant's third claim, she alleges that Appellee "failed to establish the elements of a *prima facie* case." (Appellant's Brief, at 22). This issue lacks merit.

It is well-settled that:

A complaint must apprise the defendant of the nature and extent of the plaintiff's claim so that the defendant has notice of what the plaintiff intends to prove at trial and may prepare to meet such proof with his own evidence. In a claim for breach of contract, the plaintiff must allege that there was a contract, the defendant breached it, and plaintiff[] suffered damages from the breach.[2]

Rule 1019(i) of the Pennsylvania Rules of Civil Procedure provides as follows:

(i) When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing.

Pa.R.C.P. 1019(i).

*Stucka*, *supra* at 86-87 (case citations and quotation marks omitted). Further, pursuant to Pennsylvania Rule of Civil Procedure 1029(b), the failure to file a responsive pleading results in the admission of all material facts in the complaint. *See* Pa.R.C.P. 1029(b).

Here, when the court dismissed Appellant's preliminary objections to Appellee's amended complaint, it expressly ordered her to file an answer to the amended complaint within twenty days. (*See* Order, 1/27/14).

---

[2] Although Appellee's amended complaint also contained counts for account stated and unjust enrichment, (*see* Amended Complaint, 10/08/13, at 5-6), the court based its decision on its finding that Appellee established a claim for breach of contract. (*See* Trial Ct. Op., at 4). Therefore, we confine our analysis to that cause of action.

Appellant failed to do so and, therefore, all material facts averred in the amended complaint are deemed admitted. **See** Pa.R.C.P. 1029(b).

However, our inquiry does not end there, because we are required to consider whether the material facts support a judgment in Appellee's favor as a matter of law. **See S.W. Energy**, **supra** at 185. We conclude that they do.

The trial court found:

Th[e] admitted material facts are as follows: [Appellant], having received the Cardmember Agreement and all of its terms and conditions, accepted and used the Discover card issued by [Appellee], and thereafter breached the Cardmember Agreement by failing to pay a balance of $2,269.62. (**See** Amended Complaint, 10/08/13, at 1-4, ¶¶ 1-14). In addition, [Appellee] attached copies of [Appellant's] executed application for a Discover Card, as well as all of the Cardmember Agreements applicable to [Appellant's] account. (**See id.** at 3, ¶¶ 6-7; **see id.** at Exhibits A and B). . . .

(Trial Ct. Op., at 4) (some citations omitted; record citation formatting provided).

After our own independent review of the amended complaint and the documents attached thereto, we agree with the court that Appellee established a claim for breach of contract, **see Stucka**, **supra**, at 87, and that "trial would [have been] a fruitless exercise." (Trial Ct. Op., at 4). Therefore, we conclude that the trial court properly granted Appellee's motion for judgment on the pleadings and entered judgment against Appellant in the amount of $2,269.62, plus interest and costs. **See S.W. Energy**, **supra** at 185. Appellant's third issue does not merit relief.

In her fourth issue, Appellant argues that the court abused its discretion when it dismissed her preliminary objections, closed the pleadings thereafter, and granted judgment to Appellee. (*See* Appellant's Brief, at 26-29). Appellant's issue lacks merit.

As already noted, the Montgomery County Rules of Civil Procedure granted the trial court the discretion to dismiss Appellant's October 28, 2013 preliminary objections, which it properly did three months later on January 27, 2014. (*See* Order, 1/27/14). Additionally, we are not persuaded by Appellant's reliance on *Stucka*, because the case is factually distinguishable to the one before us. (*See* Appellant's Brief, at 27-28). In that case, the trial court denied Discover Bank's motion for reconsideration of an order denying the bank the opportunity to file a second amended complaint to add alternate theories of relief pursuant to Pennsylvania Rule of Civil Procedure 1033. *See Stucka*, *supra* at 88. In deciding that the trial court abused its discretion, a panel of this Court focused on the permissive nature of Pennsylvania Rule of Civil Procedure 1033, the fact that the second amended complaint put the defendants on notice of the claims against them, and that they would suffer no prejudice. *See id.* These facts are inapplicable to those presented here.

Further, in spite of Appellant's claim to the contrary, the pleadings already were closed when Appellee filed its motion for judgment on the pleadings on March 10, 2014 because she failed to file an answer to the

amended complaint within twenty days of the court's January 27, 2014 order directing her to do so. (**See id.**). Finally, as discussed more fully above, we conclude that the court properly granted judgment on the pleadings to Appellee. Therefore, Appellant's fourth issue lacks merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2015