J-S38032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DUNGAN HEIGHTS ASSOCIATES, LLP | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| COLLEEN SWEENEY AND THOMAS | : | No. 3232 EDA 2018 |
| REMICK | : | |

Appeal from the Order Entered September 27, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 180502661

BEFORE:   OTT, J., DUBOW, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                    **FILED AUGUST 23, 2019**

This matter is one of two related appeals filed by Dungan Heights Associates, LLP (Plaintiff) from orders of the Court of Common Pleas of Philadelphia County sustaining preliminary objections in actions that Plaintiff filed against tenants in a shopping center that it owns and dismissing the actions without leave to amend.[1]  Because the court erred in failing to grant Plaintiff leave to amend its complaint, we vacate in part and remand.

---

[1] The other of these related appeals is ***Dungan Heights Associates, LLP v. Fox Chase Senior Center, Inc.***, No. 3231 EDA 2018.  While the defendants, leases, and leased premises are different in the two appeals, the preliminary objections and the courts' orders and reasoning were the same in both cases and the issues in the two appeals are identical.

\*   Retired Senior Judge assigned to the Superior Court.

In February 2015, Plaintiff entered into a commercial lease with Colleen Sweeney and Thomas Remick (Defendants) under which Defendants leased Store Number 07 of Plaintiff's 7770 Dungan Road, Philadelphia, Pennsylvania shopping center. Plaintiff's First Amended Complaint ¶¶4-5 & Ex. 1.[2] In 2017, Plaintiff initiated a landlord-tenant action against Defendants in Philadelphia County Municipal Court with respect to this lease. On April 24, 2018, Municipal Court entered a judgment in favor of Defendants. On May 23, 2018, Plaintiff filed a timely *de novo* appeal to the court of common pleas. **See** Phila. Co. R.C.P. No. 1001(a)(1). In its complaint filed with the *de novo* appeal, Plaintiff averred that Defendants had breached the lease by failing to pay rent and other amounts due under the lease and sought damages and possession of the leased premises. Defendants filed preliminary objections in the nature of a motion for a more specific pleading asserting that Plaintiff's averments concerning both breach of the lease and damages were insufficiently specific. Defendants' Preliminary Objections to Plaintiff's Complaint ¶¶11-14.

In response to these preliminary objections, Plaintiff filed a First Amended Complaint pleading additional detail concerning the monthly rent under the lease, the date that Defendants entered into possession of the premises, and the total amounts of its damages claims. Plaintiff's First

---

[2] Because this is an appeal from an order sustaining preliminary objections, we accept as true the facts alleged in Plaintiff's complaint. **Jones v. Board of Directors of Valor Credit Union**, 169 A.3d 632, 635 (Pa. Super. 2017).

Amended Complaint ¶¶6, 7, 11. Plaintiff's First Amended Complaint, however, like its original complaint, made no averments concerning the dates when Plaintiff claims that Defendants failed to pay rent and other amounts owed under the lease. Defendants filed preliminary objections to the amended complaint consisting of both a motion for a more specific pleading asserting that Plaintiff's averments concerning both breach of the lease and damages were insufficiently specific and a motion to dismiss for failure to provide a sufficient verification. Defendants' Preliminary Objections to Plaintiff's Amended Complaint ¶¶14-24. Plaintiff in response filed a substitute verification and an answer to the preliminary objections contending that the averments of the First Amended Complaint were sufficiently specific.

On September 27, 2018, the court of common pleas sustained Defendants' preliminary objections and dismissed Plaintiff's First Amended Complaint without leave to amend. Plaintiff timely moved for reconsideration and specifically requested in that motion that the court of common pleas grant it leave to file a second amended complaint to cure the insufficient specificity alleged by Defendants. Plaintiff's Motion for Reconsideration ¶¶16-19. The court denied the motion for reconsideration on October 23, 2018 and Plaintiff timely filed the instant appeal from the September 27, 2018 dismissal order on October 25, 2018. In its Pa.R.C.P. 1925(a) opinion, the court of common pleas stated that it sustained Defendants' preliminary objections on the ground that Plaintiff's First Amended Complaint was insufficiently specific

because it contained no averments as to when Defendants failed to pay rent and make other required payments under the lease and no averments as to the amounts of the payments that Defendants failed to make. Trial Court Opinion at 4-5.

Plaintiff raises the following two issues in this appeal:

1. Did the Court of Common Pleas err when it sustained the Preliminary Objections, because the First Amended Complaint was sufficiently specific to allow Defendants to prepare a defense?

2. Did the Court of Common Pleas err when it dismissed the First Amended Complaint and failed to grant Plaintiff leave to amend the pleading to cure the purported deficiency, contrary to its duty to liberally allow amendment of the pleadings?

Appellant's Brief at 2. We conclude that the court of common pleas did not err in sustaining Defendants' preliminary objections, but that it committed a reversible abuse of discretion in dismissing Plaintiff's First Amended Complaint without granting Plaintiff leave to amend.

In reviewing an order dismissing a plaintiff's complaint on preliminary objections we apply the same standard as the court below. ***Discover Bank v. Stucka***, 33 A.3d 82, 86 (Pa. Super. 2011). The sole preliminary objection on which the court of common pleas based its dismissal was Defendants' objection pursuant to Pa.R.C.P. 1028(a)(3) that the averments of Plaintiff's First Amended Complaint were insufficiently specific. To determine whether the court properly sustained a preliminary objection under Rule 1028(a)(3), this Court must examine the averments in the complaint, together with the

- 4 -

documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. ***Rambo v. Greene***, 906 A.2d 1232, 1235 (Pa. Super. 2006).

The test for whether a complaint is sufficiently specific is whether its averments are sufficiently clear and set forth sufficient facts to enable the defendant to prepare its defense. ***Commonwealth by Shapiro v. Golden Gate National Senior Care LLC***, 194 A.3d 1010, 1030 (Pa. 2018); ***Rambo***, 906 A.2d at 1236; ***Unified Sportsmen of Pennsylvania v. Pennsylvania Game Commission***, 950 A.2d 1120, 1134 (Pa. Cmwlth. 2008). "A complaint 'must apprise the defendant of the nature and extent of the plaintiff's claim so that the defendant has notice of what the plaintiff intends to prove at trial and may prepare to meet such proof with his own evidence.'" ***Discover Bank***, 33 A.3d at 86-87 (quoting ***Weiss v. Equibank***, 460 A.2d 271 (Pa. Super. 1983)). A preliminary objection of insufficient specificity is properly sustained where the failure of a complaint to aver when the defendant's acts occurred impairs the defendant's ability to identify the conduct on which the plaintiff bases its claims or the defendant's ability to determine what defenses it has. Pa.R.C.P. 1019(f) ("[a]verments of time, place and items of special damage shall be specifically stated"); ***Stilp v. Commonwealth***, 910 A.2d 775, 786-87 (Pa. Cmwlth. 2006) (*en banc*), ***aff'd***, 974 A.2d 491 (Pa. 2009).

Plaintiff's First Amended Complaint avers facts sufficient to state a cause of action and advise Defendants of the general nature of the claim against

them. Plaintiff pled the lease on which it bases its claims, attached a copy of the lease, and averred that Defendants had failed to pay rent and other amounts under the lease. Plaintiff's First Amended Complaint ¶¶4-9, 14, 18 & Ex. 1. The First Amended Complaint, however, is devoid of any allegations as to when Defendants failed to pay rent and other amounts due under the lease and avers only total amounts owed in 2018, after the lease had been in effect for a number of years. *Id.* ¶¶9, 11. Moreover, the First Amended Complaint does not attach any statement of Defendants' payments or plead any other information from which the Defendants could ascertain what payments Plaintiff alleges that they failed to make. ***Compare Discover Bank***, 33 A.3d at 87 (complaint was sufficiently specific where it attached account summaries showing defendants' payment history). Given the period of years that the lease was in effect, the mere averments that Defendants at unidentified times failed to make payments under the lease is insufficient to give Defendants adequate notice of what Plaintiff alleges against them so as to enable Defendants to prepare their defense. The court of common pleas therefore properly sustained Defendants' preliminary objections to Plaintiff's First Amended Complaint.

The court, however, erred in dismissing the action without granting Plaintiff leave to file a second amended complaint. While leave to amend a complaint is a matter within a trial court's discretion, it is a reversible abuse of that discretion to dismiss a complaint on preliminary objections without

leave to amend where there is a reasonable possibility that the plaintiff could cure the defect in the complaint by amendment. *Hill v. Ofalt*, 85 A.3d 540, 557-58 (Pa. Super. 2014) (vacating dismissal of complaint for failure to grant plaintiff leave to file amended complaint); *Lovelace v. Pennsylvania Property & Casualty Insurance Guaranty Association*, 874 A.2d 661, 666 (Pa. Super. 2005) (same); *Hoza v. Hoza*, 448 A.2d 100, 103-04 (Pa. Super. 1982) (same). Here, it was evident that the defect in the First Amended Complaint, lack of specificity, was readily curable by an amendment adding averments concerning the dates of Defendants' failure to make payments in accordance with the lease and the amounts that Defendants failed to pay at those times. Indeed, Defendants conceded in their preliminary objections that Plaintiff could easily make the necessary averments to make its complaint sufficiently specific. Defendants' Preliminary Objections to Plaintiff's Amended Complaint ¶17 (asserting that "Plaintiff would know this information, and averring it would be relatively simple and expeditious").

Defendants argue that the dismissal without leave to amend can be affirmed because Plaintiff had already amended the complaint once in response to their preliminary objections. This argument is without merit. While a court need not grant endless opportunities for amendment where a plaintiff has already filed multiple insufficient complaints and failed to cure defects in its complaint following court orders sustaining preliminary

objections and granting leave to amend,[3] that is not the case here. The court's order dismissing the First Amended Complaint without leave to amend was the first and only court order finding that Plaintiff's pleading was insufficient. The fact that Plaintiff did not correct a defect in response to Defendants' preliminary objections before the court made a ruling does not show that Plaintiff is unable or unwilling to sufficiently plead its claims against Defendants or that amendment would be futile. *Hoza*, 448 A.2d at 103.

Defendants also argue that under **Werner v. Zazyczny**, 681 A.2d 1331 (Pa. 1996), leave to amend was not required because Plaintiff did not request leave to amend in its response to the preliminary objections to the First Amended Complaint. This argument likewise fails. In **Werner**, our Supreme Court held that the court was not required to *sua sponte* grant leave to amend where the preliminary objections were granted on a legal issue that did not appear curable by amendment and the party who brought the action "never requested that the [c]ourt allow him leave to amend." *Id.* at 1338. Neither of those conditions is present here. The defect on which Defendants' preliminary objections were based was a pleading issue that was patently curable by amendment, not a legal defect. Moreover, Plaintiff made a clear

---

[3] ***See, e.g.***, ***Mace v. Senior Adult Activities Center of Montgomery County***, 423 A.2d 390, 390-91 (Pa. Super. 1980) (*en banc*) (court would not be required to allow amendment where plaintiff had already filed five complaints, at least one of which was filed after the court had ruled the prior complaint insufficient).

request that the court grant it leave to amend while the court had jurisdiction of this matter and could have corrected its error and eliminated the need for this appeal. Plaintiff's Motion for Reconsideration ¶¶16-19 & Supporting Memorandum of Law at 3-4. The fact that this request for leave to amend was in a motion for reconsideration does not negate its sufficiency to make clear to the court that Plaintiff sought to cure the defects in its pleading by amendment. *See Hill*, 85 A.3d at 546-47, 557-58 (vacating dismissal without leave to file amended complaint although request that the court grant leave to amend was first made in motion for reconsideration).

For the foregoing reasons, we affirm the court of common pleas' order insofar as it sustained Defendants' preliminary objections, but vacate the order insofar as it dismissed Plaintiff's First Amended Complaint without leave to amend.

Order affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 8/23/2019*