J-A17003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: GONSIEWSKI FAMILY LIVING TRUST | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: HECKSCHER, TEILLON, TERRILL AND SAGER, P.C. | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 165 EDA 2022 |

Appeal from the Order Entered December 6, 2021
In the Court of Common Pleas of Philadelphia County
Orphans' Court at No(s): 560IV of 2021

BEFORE:   PANELLA, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED OCTOBER 13, 2022**

Heckscher, Teillon, Terrill, and Sager, P.C. (collectively "Appellants") appeal from the orphans' court order overruling their objection and finding that the court did not have subject matter jurisdiction to address Appellants' breach of contract claim for unpaid counsel fees against a beneficiary of the trust, and further confirming the first and final account of Robert Gonsiewski, Trustee of the Gonsiewski Family Living Trust. Appellants argue that the orphans' court was the appropriate forum to raise their claim. We affirm.

On December 20, 1996, Alfred and Theresa Gonsiewski, husband and wife, established the Gonsiewski Family Living Trust. Alfred and Theresa were the settlors, trustees, and lifetime beneficiaries of the trust. The trust

_____

[*] Retired Senior Judge assigned to the Superior Court.

terminated upon the death of Alfred and Theresa, whereupon the remaining property in the trust would be divided into equal shares for each of Alfred's and Theresa's children — Robert, Paul Gonsiewski, and Barbara Thompson.

In January 2009, Alfred died, and Robert became successor co-trustee with Theresa. In September 2018, Theresa died, and the trust was terminated. On June 2, 2021, Robert, as trustee, filed the accounting of the trust, covering the period from January 24, 2009, to December 30, 2020. The orphans' court placed the matter on its July audit list.

However, on July 1, 2021, Appellants, on behalf of Paul,[1] sent notice to the orphans' court, indicating that they represent Paul,[2] and requested that the matter be continued to the August audit list because notice to Paul was inadequate. The orphans' court ultimately concluded that the audit would proceed as scheduled. However, Paul did not appear at the audit on July 6, 2021, and the orphans' court continued the matter.

_____

[1] Paul hired Appellants as counsel for matters relating to the distribution of the trust in June 2019. Relevant herein, the engagement letter included the following regarding payment of fees:

> We are not asking you for a retainer at this time, but reserve the right to do so, particularly if litigation is required. As to the source of payment of our fees and costs, our fees and costs are payable by you personally. When the trust is ready for distribution, we will ask you to direct the trustee to pay any balance of our counsel fees and costs out of your share.

Engagement Letter, 6/20/19, at 2.

[2] At this time, Appellants had not entered their appearance on behalf of Paul.

On July 16, 2021, Appellants advised Paul that they were terminating their representation of him, and stated the following regarding the payment of outstanding fees:

> I am willing to discuss with you a reduction in our fees, but I will expect you to direct your brother to pay us directly from your share. If I do not hear from you by the end of the day on Thursday, July 29, 2021, then we will have no choice but to file a request with the [orphans' c]ourt that your brother be directed to pay our entire unpaid balance from your share of the trust.

Letter, 7/16/21.

Subsequently, Appellants filed an objection to the accounting, arguing that Robert, as trustee, failed to include in his accounting an entry by which Appellants' unpaid counsel fees and costs, totaling $30,483.93, would be paid out of Paul's share of the trust.

The orphans' court held a hearing, at which Paul acknowledged that he received the invoices for Appellants' legal fees; Appellants provided their outstanding bills that Paul owed; and Robert indicated that he would take no position on the objection. Thereafter, the orphans' court entered a decree overruling Appellants' objection and confirming the accounting absolutely, finding no outstanding issues with the proposed distribution, equal to 1/3 of the trust balance each to Barbara, Paul, and Robert. Specifically, the orphans' court found that it did not have jurisdiction to address Appellants' objection,

as it was merely a breach of contract action and not an objection to any information contained in the trust's accounting.[3] Appellants timely appealed.

On appeal, Appellants raise the following questions for our review:

1. Did the Trial Court err when it concluded that it did not have mandatory or non-mandatory jurisdiction to address [Appellants'] Objection?

2. Did the Trial Court err by implying that the presence of a spendthrift provision would bar [Appellants'] claim and by raising the spendthrift clause as a defense *sua sponte*?

_____

[3] Additionally, the orphans' court noted that Appellants could not collect money from the trust due to the spendthrift provision in the trust document, which stated the following:

> To the fullest extent permitted by law, the interests of all of the beneficiaries in the various trusts and trust property subject to this agreement, except for our interests in the various trusts or trust property subject to this agreement, shall not be alienated, pledged, anticipated, assigned, or encumbered unless specifically authorized by the terms of this agreement.

> Such interests shall not be subject to legal process or to the claims of any creditors, other than our creditors to the extent of each of our respective interests in the trusts or trust property, while such interests remain trust property.

Trust, 12/20/96, at Article 18, Section 4; *see also In re Ware*, 814 A.2d 725, 731 (Pa. Super. 2002) (noting that spendthrift clauses "insulate the assets of the trusts from the incursions of creditors until such time as those assets, either as principal or income, are delivered into the hands of the beneficiary." (citation omitted)). While acknowledging that a spendthrift provision is unenforceable against "a judgment creditor who has provided services for the protection of the beneficiary's interest in the trust," Orphans' Court Opinion, 3/7/22, at 9 (quoting 20 Pa.C.S.A. § 7743(b)(3)), the orphans' court found that Appellants were not judgment creditors, as the agreement in question with Paul was for fees payable by Paul. *See* Orphans' Court Opinion, 3/7/22, at 9-11. Given our disposition of this appeal, we do not reach the issue of the proper application of the spendthrift provision.

3. Did the Trial Court err when it concluded that there was insufficient evidence to prove Paul Gonsiewski breached his agreement with [Appellants]?

Brief for Appellants at 2.

In their first claim, Appellants claim that the trial court erred in concluding that it lacked jurisdiction to address the objections. *See id.* at 13, 19. Appellants contend that the dispute directly implicated the administration and distribution of the *inter vivos* trust assets and the orphans' court had mandatory jurisdiction under 20 Pa.C.S.A. § 711(3). *See id.* at 16.

Alternatively, Appellants argue that the orphans' court could exercise non-mandatory jurisdiction under 20 Pa.C.S.A. § 712(3), which allows the court to exercise jurisdiction over "other matters" that arise during the disposition of an action before the court. *Id.* Appellants thus conclude that because the dispute involved their representation of Paul concerning the administration and distribution of the *inter vivos* trust and Paul's agreement with Appellants that stated that the trust would pay the counsel fees, the orphans' court had jurisdiction over the matter and could grant relief on the breach of contract action. *See id.* at 13-17.

Appellants additionally highlight that orphans' courts have previously adjudicated a dispute between an attorney and a beneficiary of an estate. *See also id.* at 16-17, 18, 20-23 (citing, *inter alia*, *Conti Estate*, 8 Fid. Rep. 2d 272 (O.C. Phila. 1988), and *Fischer Estate*, 10 Fid. Rep. 3d 277 (O.C. Monroe 2020)). Appellants claim that consideration of their action by the orphans'

court would promote judicial efficiency, highlighting that the court already held a hearing on the matter and having a new action in a separate division of the common pleas court was unnecessary. **See id.** at 17-18, 20. Appellants disregard the orphans' court's concern that granting jurisdiction to the instant case would open the "floodgates" to hear cases outside its statutory jurisdiction, asserting that the language in Sections 711 and 712(3) limits the matters that can be heard by the court. **See id.** at 17, 19.

Our standard of review for questions involving jurisdiction is as follows:

A court's decision to exercise or decline jurisdiction is subject to an abuse of discretion standard of review and will not be disturbed absent an abuse of that discretion. Under Pennsylvania law, an abuse of discretion occurs when the court has overridden or misapplied the law, when its judgment is manifestly unreasonable, or when there is insufficient evidence of record to support the court's findings. An abuse of discretion requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures.

**R.M. v. J.S.**, 20 A.3d 496, 500 (Pa. Super. 2011) (citation omitted).

Orphans' court is not a court of general jurisdiction; rather the "orphans' court's jurisdiction is purely a creature of statute." **Harley v. HealthSpark Found.**, 265 A.3d 674, 687 (Pa. Super. 2021) (citation omitted). Orphans' courts have jurisdiction over "the administration and distribution of the real and personal property of *inter vivos* trusts, and the reformation or setting aside of any such trusts[.]" 20 Pa.C.S.A. § 711(3); **see also id.** ("'*Inter vivos* trust' means an express trust other than a trust created by a will, taking effect during the lifetime or at or after the death of the settlor."). However, where a

dispute involves "substantial questions concerning matters enumerated in section 711 and also matters not enumerated in that section[,]" the orphans' court may, but is not required, to exercise non-mandatory jurisdiction over the matter. 20 Pa.C.S.A. § 712(3); **see also Mark Hershey Farms, Inc. v. Robinson**, 171 A.3d 810, 815 (Pa. Super. 2017) (permitting concurrent jurisdiction in either the orphans' court and civil court when the controversy involves matters enumerated in Section 711 and matters not enumerated in that section).

Initially, as the orphans' court noted, Appellants' "objection to the account is actually just an allegation that Paul breached their agreement and is not an objection to any information contained in the accounting of the [t]rust." Orphans' Court Opinion, 3/7/22, at 7. Therefore, this dispute falls outside the exclusive, or mandatory, purview of the orphans' court, as contractual disputes are not statutorily enumerated issues that must be adjudicated by the orphans' court. **See** 20 Pa.C.S.A. § 711.

Rather, because Appellants' objection to the trust accounting, seeking trust funds from Paul's share based upon his purported breach of the engagement letter, is the type of case where the orphans' court may, but is not required, to exercise jurisdiction, because it concerns the enforcement of a contract independent of the trust. **See id**. § 712(3) (providing that the orphans' court division has non-mandatory jurisdiction when a controversy involves the administration and distribution of an *inter vivos* trust, as

enumerated in Section 711, but also involves matters that are not enumerated in that section). Here, the orphans' court specifically declined to exercise non-mandatory jurisdiction over this matter, and Appellants have provided no authority that the orphans' court's refusal was an abuse of discretion.[4] To that end, Appellants' judicial efficiency claim does not establish an abuse of discretion, and Appellants are free to raise their claim in the civil division.[5] In light of the foregoing, we conclude the orphans' court acted within its discretion in declining to address this case. **See Mark Hershey Farms, Inc.**, 171 A.3d at 815-16 (concluding that the civil division, not the orphans' court, properly exercised jurisdiction over matter that was based upon a breach of contract and did not directly raise any issues regarding the administration of

---

[4] Appellants' reliance on two decisions by the courts of common pleas to support their argument that the orphans' court should have exercised jurisdiction is misplaced. Indeed, it is well-settled that Court of Common Pleas decisions "are not binding precedent for this Court." **Discover Bank v. Stucka**, 33 A.3d 82, 87 (Pa. Super. 2011). Nevertheless, we do not find that either of these cases to be dispositive, as the orphans' court had discretion to accept jurisdiction over this case under Section 712(3) and exercised its discretion not to. The fact that other orphans' courts have accepted jurisdiction for similar issues does not establish an abuse of discretion in the instant case. **See** 20 Pa.C.S.A. § 712(3). In other words, a prior discretionary decision to exercise jurisdiction over a similar dispute does not act to convert "may" into "must."

[5] Appellants make passing reference to an argument that the orphans' court should have transferred their claim to the civil division *sua sponte*. **See** Brief for Appellants at 22. However, Appellants do not develop this argument or provide any authority for it. Nor is this argument reasonably suggested by the Rule 1925(b) statement filed by Appellants. We therefore conclude they have waived this issue.

an estate). Because the orphans' court did not abuse its discretion in finding that it did not have subject matter jurisdiction over this matter, we need not address Appellants' remaining claims.

Order affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: *10/13/2022*